[Civ. No. 33929. Second Dist., Div. Four. Oct. 23, 1969.]

BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Plaintiff and Appellant, v. UNIVERSAL CARLOADING AND DISTRIBUTING COMPANY, INC., Defendant and Respondent.

### COUNSEL

Dahlstrum, Walton, Butts & Bergman, Dahlstrum, Walton & Butts, Jack A. Dahlstrum, G. Merle Bergman and Irwin R. Miller for Plaintiff and Appellant.

Kean & Engle and Joseph A. Kean for Defendant and Respondent.

### OPINION

**KINGSLEY, J.—**This is a dispute over an arbitartion award in a case involving a collective bargaining agreement between a union and an employer. The parties had entered into an agreement which was in force at all times herein pertinent. The portions of that agreement herein material were Rules 22, 52 and 53, which read as follows:

"Rule 22. INCREASING FORCES AND RECALL.

"(a) When forces are increased or vacancies occur, employes shall be returned to service in order of their seniority.

. "(b) Except as provided in Supplemental Agreements vacancies of fifteen (15) working days or less may be filled at the discretion of Management.

"(c) Employes desiring to avail themselves of this rule must file their name and address with the designated Management official at the time of reduction and advise promptly of any change in address.

"(d) Employes who fail to return to service within five (5) working days after being notified .(by mail or telegram sent to last known address) or give satisfactory reason for not doing so, will be considered as having forfeited their seniority.

"(e) Employes furloughed under the terms of Rule 21 will not be required to accept employment for a position of less than fifteen (15) working days duration. They shall, however, be required to make an election at time of furlough on a form prepared by the Management, carbon copy to be furnished Local Chairman of the Brotherhood. An election made under the terms of this rule may be revoked at any time after fifteen ·(15) working days upon forty-eight (48) hours written notice to the Employer with copy to the Local Chairman."

"Rule 52. EXONERATION.

"If the final decision decrees that charges against the employe were not sustained, the records shall be cleared of the charges; if suspended or dismissed, the employe shall be reinstated and paid for all time lost, less the amount earned elsewhere during the time suspended or dismissed."

"Rule 53. ARBITRATION.

"For the purpose of settling any dispute or grievance not satisfactorily settled under the terms of Rules 47 to 51 inclusive, either party may request that the dispute be submitted to arbitration, provided, however, that such request will be made within sixty (60) days from date of declination by the highest designated officer of the Employer to whom appeals are made.

"In such event Employer and duly accredited representative agree to request the Federal Mediation and Conciliation Service or the American Arbitration Association to supply a panel or panels of names from which the parties will select an Arbitrator to hear the dispute, and hand down a decision which shall be final and binding on both parties. The powers of the Arbitrator shall be restricted to the interpretation and application of this Agreement, and shall not extend to matters not covered by this agreement; the decision shall be based only upon evidence submitted at the hearing. Either party may request the Arbitrator to set forth a written opinion outlining the decision, and the evidence upon which the decision is based. The expenses of the Arbitrator will be shared equally between the parties.

"When the Arbitrator's award provides for payment of a claim, payment shall be made within thirty (30) days from date award is rendered unless otherwise agreed to."

An employe named Demosthenes Shaw, who had been furloughed under other provisions of the agreement, was recalled to work. He replied by stating that he had another commitment which would prevent his working at the time he was called, he did not report within the time provided by Rule 22(d) and he was discharged ("terminated"). It is assumed by all parties that his recall was for a period of less than 15 days and that, had he duly filed the form provided for by Rule 22(e), his refusal would have been valid; he had never filed that form.

The union claimed that he was improperly discharged and the issue was ultimately submitted to arbitration, pursuant to Rule 53, the specific issues submitted being: "Under the terms of the Labor Agreement dated October 31, 1966, did the Company act properly when it terminated Demosthenes Shaw in January 1967? If not, what remedy is ordered?"

After a hearing, the arbitrator rendered his award in the following terms: "Termination of Demosthenes Shaw was not proper in the light of

all circumstances obtaining. He shall be restored to the seniority list with no loss of time charged against him, but he shall not receive any monetary compenasation for time not worked."

The rationale behind that award is disclosed in the arbitrator's "Analysis and Opinion," which is attached to, and forms a part of, his award. That statement reads as follows: "*The facts*: In October 1966, the Union and the Company negotiated a new master Contract, to which were added subsequently certain local clauses. To Rule 22 new paragraphs were added paragraphs which permit a furloughed employee to decline calls for temporary work of less than fifteen days; to do this, he must sign a form so indicating. The forms were prepared and presumably supplied to the stations maintained by the Company circa December 1, 1966. Local Management was advised by circular letter of their availability. More than a month later, many furloughed employees had not indicated their wish to be relieved of short temporary calls. Opinions differ as to the cause of this, each Party feeling that the other was less than diligent.

"Various reasons, excuses, and accusations were offered to explain. The forms were buried where they could not be seen; they were never called to anyone's attention; men on furlough could not be expected to know of them. The Company should have notified all concerned; it says it did. The Union, having obtained the concession, should have alerted every member to follow through; it did not. And so on.

"Whatever the reasons, there was obviously a breakdown of communication. It was said that Shaw worked in December and should have known about the forms; he says he did not know of them. So with no 15-day form on file, he was called in January for temporary work. He declined, pleading a personal commitment. It does not appear that the nature of this commitment was discussed, or its validity as a 'satisfactory reason' under Rule 22(d) considered.

"Your Arbitrator agrees with Management that Contract provisions must be enforced. He is also aware that Supervision at the operating level is busy with operation, and that Union officials cannot anticipate every possible deviation or oversight by every member. In this case, the forms were not readily identified, if they were available. Furloughed men may have been unaware of the new requirement, for a variety of reasons. It is most unfortunate that Shaw was not interrogated at the time concerning his need to be excused.

"Equity requires that he be restored to his original place on the seniority roster. But since some degree of negligence can be laid to him and to his Union, it would not be equitable to require financial compensation for the time not worked."

Pointing to the portion of Rule 53 which provides that "[T]he

powers of the Arbitrator shall be restricted to the interpretation and application of this Agreement . . ." and to the provisions of Rule 52 that, in the event it is determined that charges against an employee are not sustained, "the employee shall be reinstated and paid for all time lost, less the amount earned elsewhere . . .", the union petitioned for a correction of the award under the provisions of section 1286.6 of the Code of Civil Procedure. The trial court denied the petition, on the stated ground that the award could not be corrected without affecting the award as a whole—thus invoking the restriction in subdivision (b) of section 1286.6.

Since we conclude that the award was not in need of correction, we do not reach the correctness of the court's reasoning; we review its result and not its reasons.

The briefs cite a number of cases dealing with the powers of an arbitrator under a so-called "general" arbitration and with his powers to formulate a remedy in such a case. The cases cited are not helpful here. The powers of an arbitrator are determined primarily from the terms of the submission agreement, and the terms of the underlying contract, if any, are important only if the submission agreement requires interpretation. In many cases, the parties will submit to arbitration only a part of the issues actually involved in a particular dispute, since they agree, or assume, that the issues not submitted will be resolved by mutual agreement once the key issue is decided. By the same token, the parties may conclude that, in connection with a particular dispute, they need an arbitral decision on an issue which the basic contract had not contemplated. In the latter case, the submission agreement is the "agreement" contemplated by the statute, and it fixes the arbitrator's powers. (*Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App. 2d 541 [40 Cal. Rptr. 418].)

The parties here could, of course, have submitted to the arbitrator only the issue of unlawful termination, reserving for the future any questions of remedy; they could have submitted the issue of unlawful termination and the issue of what remedy the contract afforded. But they did neither. They submitted to the arbitrator the broad and general issue: ". . . what remedy is ordered?" Having thus mutually invited him to frame his own remedy according to his own conscience, neither can now object that he framed a remedy not to its liking.

The arbitrator did not exceed his powers in framing his award; therefore, it was not subject to judicial "correction"; therefore, the trial court correctly denied the petition to "correct."

The order appealed from is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 17, 1969.