[Civ. No. 40459. Second Dist., Div. Four. Aug. 21, 1972.]

NATIONAL INDEMNITY CO., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Respondents;
RICHARD J. MINDLIN, Real Party in Interest.

**COUNSEL**

Wyman, Bautzer, Rothman & Kuchel and Loyd W. Reed, for Petitioner.

No appearance for Respondents.

Harold Rostow for Real Party in Interest.

**OPINION**

**KINGSLEY, J.**—The real party in interest is the named insured under a policy of automobile insurance issued by petitioner. Pursuant to the require-

ments of section 11580.2 of the Insurance Code, that policy contained an uninsured motorist provision, which provided for arbitration of disputes under that clause. Differing slightly from the statutory form,[1] the policy provision reads as follows: "ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, choose a representative, and the two representatives so named will select a neutral arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company, such arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrator shall then hear and determine the question or questions so in dispute, and the decision in writing of the arbitrator shall be binding upon the insured and the company, each of whom shall pay his or its chosen representative and shall bear equally the expense of the arbitrator and all other expenses of the arbitration. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law." Claiming to have been injured by an uninsured motorist, the real party in interest duly made demand on petitioner for arbitration pursuant to the above quoted policy provision. That demand having been rejected, the real party in interest filed his petition in superior court, praying: " . . . that this Court order the Petitioner and COMPANY to arbitrate the aforesaid controversy existing between them in a manner provided for under said insurance agreement and that the Court appoint a neutral arbitrator from the list hereinabove submitted, or, in the alternative, provide the parties with a list of five (5) neutral arbitrators to select an arbitrator therefrom." When that petition came on for hearing on February 25, 1971, the parties orally stipulated, as follows: "Counsel stipulate the matter be heard pursuant to rules of the American Arbitration Association and the court orders motion granted."

Between the time that that stipulation was entered into and the superior court's order pursuant thereto was made, and the opening of the arbitration hearing, petitioner's counsel discovered that petitioner might have a valid claim that the policy had been obtained by fraudulent misrepresentations and that, therefore, the policy might be voidable.[2] He sought to litigate

[1] It is not contended that the policy clause is not an adequate compliance with the statutory provision.

[2] At oral argument, counsel for petitioner stated that he had had no idea that the fraud issue might exist until he was furnished with petitioner's files for the purpose of preparing for the arbitration hearing.

that issue before the arbitrator. Over the objection of real party in interest, the arbitrator undertook to pass on that issue and decided it in favor of petitioner. He also ruled that, except for the fraud in obtaining the policy, real party in interest "would be entitled to damages, both special and general, for said injuries." He did not determine the amount of such damages.

Real party in interest thereupon moved, in the superior court, for an order vacating the award and appointing a new and different arbitrator, limited to the issue of damages. On the hearing of that motion, the trial court made its order, herein under review, reading as follows: "Motion is granted in part and denied in part as follows: The judgment of the arbitrators is vacated pursuant to section 1286.2 (d) C.C.P. A rehearing is ordered before a new arbitrator pursuant to section 1287 C.C.P. The request to limit the new arbitrator to the damages issue is denied.

"Counsel for claimant is ordered to write to the American Arbitration Association requesting a list of 5 names, with a copy of said letter and the reply thereto to the court and opposing counsel. Thereafter, counsel are granted 5 days to agree upon a neutral arbitrator, and in the absence of such agreement and notice thereof to the court, the court will appoint the neutral arbitrator at that time.

"The instant order is rendered without prejudice to any rights respondent may have to seek an injunction restraining arbitration, including a temporary restraining order and preliminary injunction, recission, declaratory judgment, or other relief, in any appropriate court proceeding. The court does not determine at this time the question of whether or not a fraud has been perpetrated by the claimant. It is intended that respondent's right be preserved to further litigate the fraud question in an appropriate proceeding. The court at this time merely determines that the arbitrator exceeded his powers under the terms of the arbitration submission."

Petitioner then sought, in this court, a writ of mandate or prohibition to require the superior court to vacate that order and to enter an order confirming the award as rendered. We granted an order to show cause; the matter has been briefed and argued. We conclude that, although the order made is, in general, proper under the provisions of subdivision (d) of section 1286.2 and section 1287 of the Code of Civil Procedure, it is erroneous in some of its provisions. Accordingly, we direct the trial court to vacate that order and to enter a new order in the form hereinafter set forth.[3]

---

[3]The order involved, being in effect an order directing arbitration, is not appealable. However, prohibition or mandate will lie to review such an order when the equities

I

■ While the parties may, if they so desire, by the submission agreement, either broaden or restrict the issues contemplated by the underlying agreement (*Brotherhood of Ry. etc. Employees* v. *Universal Carloading, etc. Co.* (1969) 1 Cal.App.3d 145, 149 [81 Cal.Rptr. 516]; *Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App.2d 541 [40 Cal.Rptr. 418]), still, normally, an arbitration under uninsured motorist provisions is limited to the issues contemplated by that agreement unless a clearly expressed agreement to broaden the scope of such an arbitration is established. (*Campbell* v. *Farmers Ins. Exch.* (1968) 260 Cal.App.2d 105, 111 [67 Cal.Rptr. 175]; *Commercial Ins. Co.* v. *Copeland* (1967) 248 Cal.App.2d 561, 564 [56 Cal.Rptr. 794].)

■ Contrary to the contention of petitioner, we cannot find in the stipulation above quoted any intent to enlarge the scope of the arbitration beyond the usual issues. The only "matter" brought before the court by the petition and stipulation to arbitrate, and admittedly the only issues then in the mind of either counsel,[4] were the issues arising under the uninsured motorist clause of the policy.[5] The only purpose of the stipulation was to provide a mode of selecting the arbitrator different from that provided for in the policy and to establish a set of rules of procedure for the contemplated arbitration differing from those set forth in the Code of Civil Procedure; the stipulation cannot be stretched to accomplish other issues.

Although, as we have said above, the trial court properly vacated the award as rendered and properly directed that the matter proceed before a new arbitrator, we see no reason to relieve the parties from the stipulation that they entered into governing selection of the new arbitrator and establishing his rules of procedure. We conclude, also, that there is no need to relitigate those issues properly before the arbitrator which he did decide. It follows that the order should specifically determine what portion of the first award is still effective and exactly what issues remain for the new

of the case demand a prompt determination of the matter. In the case at bench, we have concluded that the errors in the order and the uncertainties inherent in some of its terms require that the procedure to be followed be determined before the parties begin any new arbitration hearing.

[4]See footnote number 2, *supra.*

[5]Neither party has questioned the original award except on two grounds: (1) that the arbitrator should not have determined the fraud issue; and (2) that he did not determine the dollar amount of damages. Under these circumstances, we do not undertake to decide any other matters concerning the extent of issues which were made arbitrable under this policy and this submission agreement.

arbitration. Our revision of the minute order, as hereinafter directed, is designed to achieve those results.

## II

The order under review, our order to show cause, and our discussion with counsel at oral argument, raised a further question: Whether petitioner had forever waived any right to raise the fraud issue by virtue of the fact that it had not objected that grounds existed to revoke the policy prior to agreeing to an arbitration.[6]

As we have shown above, the superior court order under review expressly reserved the right to litigate the fraud issue in "an appropriate proceeding." The language clearly indicated that the insurer might, if it so desired, litigate that issue either before or after the arbitration hearing. Petitioner's petition here, although it sought confirmation of the original award, did not attack that portion of the order; respondent Mindlin did not seek, by cross-petition, to attack those provisions. Under those circumstances we do not, in this proceeding, attempt to decide the issue of waiver. Our order, however, is without prejudice to the right of respondent to raise and litigate the waiver issue if petitioner shall hereafter undertake to raise the fraud issue.

Let a peremptory writ of mandate issue directing the superior court:

(1) To vacate its minute order of January 19, 1972, in its case number 996,274;

(2) To make and enter, in lieu of said minute order, a new order reading as follows: "The award of the arbitrator J. Robert Arkush is confirmed insofar as it determines that Richard J. Mindlin is entitled to recover damages from the owner or operator of the uninsured vehicle. Said award is vacated insofar as it purports to determine other issues. Pursuant to section 1287 of the Code of Civil Procedure the parties are directed to proceed to arbitration before a new arbitrator. Such arbitration shall be limited to determining the dollar amount of the damages which the portion of the award of J. Robert Arkush above confirmed determined that said

---

[6]Section 1281.2 of the Code of Civil Procedure reads, in pertinent part, as follows:

"On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(b) Grounds exist for the revocation of the agreement."

Mindlin was entitled to recover. The new arbitrator shall be selected, and the arbitration hearing before him shall proceed, as is provided in the stipulation between the parties reflected in the minutes of this court for February 25, 1971."

(3) To vacate any and all orders made and entered by the superior court in said action, subsequent to January 19, 1972, and designed to implement the order of that date.

The order to show cause heretofore issued in this matter is discharged; the alternative petition for a writ of prohibition is denied. Each party shall bear its own costs in this court.

Files, P. J., and Dunn, J., concurred.