448 So.2d 593 (1984)
Edward G. McDONALD, Appellant,
v.
HARDEE COUNTY SCHOOL BOARD, Appellee.
No. 83-1260.
District Court of Appeal of Florida, Second District.
April 13, 1984.
Edward G. McDonald, appellant, pro se.
Douglas A. Willis, West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks to vacate an arbitration award as it relates to his suspension from employment without pay.
Appellant has been a teacher for twenty-two years. For six and one-half years he was a teacher under continuing contract (tenured) at Hardee County High School. On February 2, 1982, appellant's superintendent recommended that appellant be dismissed from the instructional staff on grounds of gross insubordination and willful neglect of duty. At a hearing on September 29, 1982, the Hardee County School Board issued its final action terminating appellant's employment effective February 17, 1982, and cancelling his tenured contract with the Hardee County School Board.
*594 Appellant then filed a grievance pursuant to the collective bargaining agreement between the School Board of Hardee County and appellant's union. A hearing was held before an arbitrator. After making detailed findings of fact, the arbitrator observed:
Adjudged by any reasonable standard, the grievant's overall conduct during the Fall 1982 term was unacceptable.
He then reviewed the appellant's major derelictions and stated:
Although there were other deficiencies of a less serious nature (e.g., parking in the parking space reserved for the handicapped), the frequency and severity of the above deficiencies standing alone might constitute just cause for discharge; this would be particularly true where an employee is intransigent in the face of efforts at remediation.
However, the arbitrator found that the school administration had not properly complied with the "NEAT" procedures consisting of (1) notification, (2) evaluation, (3) administrative assistance, and (4) time for the teacher to make necessary corrections. As a consequence, the arbitrator reduced the discipline from discharge to suspension without pay for the balance of the school year. He also noted that since appellant had found a teaching position elsewhere, his reinstatement would no doubt be followed immediately by resignation.
The appellant filed a motion in circuit court to vacate the arbitration award. Following a hearing the court entered an order confirming the award, and the appellant seeks review of that order.
The specific wording of the arbitration award was as follows:
THE GRIEVANCE IS SUSTAINED.
The discipline is reduced from discharge to suspension without pay for the balance of the 1981-82 school year. The grievant's employment in the Hardee County school system is to be recorded as terminated by the grievant's resignation and securing employment elsewhere, effective at the end of the 1981-82 school year. The grievant shall receive any terminal pay and other benefits to which he would have been entitled on the basis of a voluntary resignation, including retirement benefits through the 1981-82 school year. He shall not be entitled to reinstatement or back pay. In accordance with Article IV, Section F, the fees and expenses of the Arbitrator shall be paid by the School Board as losing party. [Emphasis added.]
The appellant contends that because the arbitrator stated that the grievance was sustained, he had no authority to do other than order reinstatement with back pay. He relies primarily upon section 231.36(6), Florida Statutes (1981), which states in part:
(6) Any member of the district administrative or supervisory staff and any member of the instructional staff, including any principal, may be suspended or dismissed at any time during the school year; provided that the charges against him must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude. Whenever such charges are made against any such employee of the school board, the school board may suspend such person without pay, but if charges are not sustained he shall be immediately reinstated, and his back salary shall be paid. [Emphasis added.]
In evaluating appellant's argument, it is important to appreciate the extent to which an arbitrator's award is impervious to attack. Such an award may not be vacated upon a mistake of fact or law but only upon one of the statutory grounds. § 682.13, Fla. Stat. (1981); Dairyland Insurance Co. v. Hudnall, 279 So.2d 905 (Fla. 3d DCA 1973). The only ground remotely applicable to this case is whether the arbitrator "in the course of his jurisdiction exceeded [his] powers." § 682.13(1)(c). We cannot say that the arbitrator acted outside of his jurisdiction in directing appellant's suspension without pay.
*595 We do not equate the arbitrator's conclusion that the grievance was sustained with a finding that the charges against him had not been sustained. In fact, the arbitrator's report makes it obvious that he believed that appellant's performance was far from satisfactory. Yet, the arbitrator reasoned that appellant should not be discharged because the school administration had not fully complied with the requisite procedures which are designed to assist a teacher in correcting his shortcomings before he becomes subject to termination.
In a proceeding directed toward the review of an employee's discharge, the severity of discipline is at least within the scope of matters which are relevant. We see nothing in the collective bargaining agreement or the statute which requires the all or nothing result advocated in the dissent. See Board of Education v. Hess, 49 N.Y.2d 145, 400 N.E.2d 329, 424 N.Y.S.2d 389 (1979).
It is also significant that the parties themselves believed that the degree of discipline was an arbitrable subject. The arbitrator noted that the parties stipulated that the issues to be decided by him would be as follows:
Was the grievant discharged for just cause under the collective bargaining agreement, with specific reference to article VI, and article IV, section G. If not, what shall be the appropriate remedy?
Having originally stipulated that the arbitrator had the authority to modify the discipline, the appellant is now hardly in a position to complain. See Brotherhood of Railway & Steamship Clerks v. Universal Carloading & Distributing Co., 1 Cal. App.3d 145, 81 Cal. Rptr. 516 (1969).
AFFIRMED.
BOARDMAN, A.C.J., and GRIMES, J., concur.
DANAHY, J., dissents with opinion.
DANAHY, Judge, dissenting.
I respectfully dissent. Since the grievance filed by the appellant challenged the validity of the charges against him, the sustaining of the grievance must be equated with the finding that the charges were not sustained. Regardless of the arbitrator's comments concerning the level of appellant's performance, the bottom line is that the grievance was sustained. It matters not that it was sustained because of procedural deficiencies on the part of appellee; the fact remains that the grievance was sustained and the charges were not.
I think it important to note that the collective bargaining agreement in this case specifically provides that "nothing contained herein shall be construed to deny or restrict from any teacher the rights he may have under the Florida school laws or other applicable laws and regulations." The agreement further provides that the arbitrator shall have no power to alter the terms of the collective bargaining agreement. I would hold that the arbitrator, upon sustaining appellant's grievance, had no choice but to order reinstatement and back pay as specifically provided in section 231.36(4)(c), Florida Statutes (1983). I cannot agree that the submission to the arbitrator of the question "What shall be the appropriate remedy?" constituted a waiver by the appellant of the statutory right to which he is clearly entitled.
In sum, I would reverse on the basis that the arbitrator acted outside the scope of his authority in making the award. The cases from New York and California cited in the majority opinion are not comparable to the situation in this case. Neither case involved the discharge of a tenured teacher; neither involved a clear statutory right of a tenured teacher to full reinstatement in the event charges against him are not sustained.