[No. B006340. Second Dist., Div. Four. Feb. 4, 1985.]

WALLACE PABITZKY et al., Plaintiffs and Appellants, v.
NORV FRAGER et al., Defendants and Respondents.

**COUNSEL**

Ronald E. Faulk for Plaintiffs and Respondents.

Spray, Gould & Bowers, Daniel O. Howard, Michael W. Champ, Hill, Genson, Even, Crandall & Wade, William R. Lowe and William F. Zulch for Defendants and Respondents.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiffs appeal from judgments (orders of dismissal) entered after orders sustaining without leave to amend demurrers to their fifth amended complaint.

The facts are simple. Plaintiff, William Pabitzky, was insured by defendant State Farm Mutual Automobile Insurance Company (State Farm) under a policy written by that company's agent, defendant Norv Frager. In the early morning of July 30, 1980, plaintiffs were severely injured in an automobile collision with a vehicle driven by Lance Kiss, an uninsured driver. They sued Mr. Frager and State Farm, on the theory (stated in several causes of action) that Frager had breached his duty *to them* by not advising them to carry uninsured motorist insurance in an amount greater than the

statutory minimum. Plaintiffs tried, through five versions, to state a cause of action until their sixth attempt (fifth amended complaint) suffered demurrers sustained without leave to amend.[1] They have appealed; we affirm.

## I

As cases have held, the purpose of the uninsured motorist statute is not to make all drivers *whole* from accidents with uninsured drivers, but to make sure that drivers injured by such drivers are protected to the extent that they would have been protected had the driver at fault carried the statutory minimum of liability insurance.[2] We know of no duty on the part of an insurance broker to do more than to call the attention of his customer to the availability of the statutory provision and, unless expressly told to omit it, to see that the policy complies with the statute. Since Mr. Frager owed to his client, William Pabitzky, no duty other than to secure for him a policy meeting the statutory requirement (which he did) none of plaintiff's four imaginatively phrased causes of action stated viable causes of action, and demurrers to them by Mr. Frager were properly sustained.[3]

## II

State Farm's demurrer was properly sustained on two grounds:

(1) If Mr. Frager owed no actionable duty to plaintiffs, State Farm owed no duty, since its liability—if any—rested only on Mr. Frager's status as State Farm's agent.

(2) The accident occurred on July 30, 1980. The original complaint was filed on July 28, 1981—only two days before the statute of limitations would have run. It did not name State Farm as a defendant, although it named 100 "Doe" defendants. State Farm was not named as one of the "Doe" defendants until the fourth amended complaint was filed on April 5, 1983.

As was held in *Scherer* v. *Mark* (1976) 64 Cal.App.3d 834 [135 Cal.Rptr. 90], a litigant cannot avoid the statute of limitations by naming a fictitious defendant in a timely complaint and then, after the statute had run,

---

[1]The complaints alleged a cause of action against Mr. Kiss. He had been declared bankrupt and the action against him has been, or is about to be, dismissed. State Farm has paid to plaintiffs the amount of the uninsured driver provision in the policy.

[2]See: *Mid-Century Ins. Co.* v. *Koch* (1970) 11 Cal.App.3d 1019, 1023 [90 Cal.Rptr. 280]; *Interinsurance Exchange* v. *Alcivar* (1979) 95 Cal.App.3d 252, 261-269 [156 Cal.Rptr. 914].)

[3]Since plaintiffs have tried six times to find language stating a cause of action against Mr. Frager, withholding leave to amend further is proper.

add by amendment a defendant whose identity and capacity was known from the outset. Here it is admitted that Mr. Pabitzky knew, and had known long before the accident, what company had issued his insurance policy.

The judgments (orders of dismissal) are affirmed.

McClosky, J., and Breckenridge, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.