[No. B009162. Second Dist., Div. Seven. Dec. 19, 1985.]

HACIENDA HOTEL, Plaintiff and Respondent, v.
CULINARY WORKERS UNION, LOCAL 814,
Defendant and Appellant.

1128

COUNSEL

Wohlner, Shelley & Young and Michael J. Shelley for Defendant and Appellant.

Witter & Harpole, Myron E. Harpole and Margaret Kawa for Plaintiff and Respondent.

**OPINION**

**LILLIE, P. J.**—Hacienda Hotel petitioned the superior court to vacate an arbitration award (Code Civ. Proc., § 1285 et seq.) made after arbitration of a controversy between plaintiff and defendant Culinary Workers Union, Local 814 regarding plaintiff's discharge of its employee Mercedes Flores,

a member of defendant union covered by the collective bargaining agreement of the parties. Defendant filed a cross-petition to confirm the award. The trial court granted plaintiff's petition to vacate the award and denied defendant's cross-petition to confirm the award. ██ ██ Defendant appeals from the order granting petition to vacate the award.[1]

FACTS[2]

Mercedes Flores was assigned to plaintiff's housekeeping department under the supervision of Alicia Castro, executive housekeeper. Castro loaned money to Flores from time to time. When Flores told Castro she could not repay the loans Castro said, "Don't worry, I'll punch your card for overtime." Thereafter, over a period of months, Castro punched Flores' time cards to record a greater number of hours worked than were actually worked; she also punched Flores' time cards on days when Flores did not work. The cards thus falsified were signed by Flores and Castro, but it was not shown that Flores personally caused any of the false entries to be made on the cards. As a result of the falsification of Flores' time cards, plaintiff lost more than $1,500 in wages paid to Flores for time not worked. Castro admitted she received some of that money as partial repayment of her loans to Flores. While plaintiff's general manager was investigating the time card falsification and considering the proper disciplinary action to take against Flores, he learned that Flores had shouted "insulting obscenities" at the chief engineer of plaintiff's maintenance department when she discovered he had reported the matter to management. Flores' discharge was based primarily on the time card falsification and secondarily on her conduct toward the engineer. Castro admitted her participation in the time card scheme and expressed regret for her actions. Plaintiff's general manager felt that because of Castro's penitence and her 13 years of service to plaintiff, she deserved a second chance. Accordingly, Castro was not discharged. The only discipline she suffered was forfeiture of an annual bonus.

The parties submitted the following issues to the arbitrator: "Did the Company have just and sufficient cause for the discharge of Mercedes Flores, and, if not, what is the appropriate remedy?" In his opinion and award

---

[1]An order vacating an arbitration award is appealable. (Code Civ. Proc., § 1294, subd. (c).) The record in the present case contains no such order. However, in the interests of justice and to avoid delay, we construe the preliminary, nonappealable order granting petition to vacate arbitration award to incorporate an order vacating the award, and treat the notice of appeal as applying to the latter order. (See *Avila* v. *Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445 [213 Cal.Rptr. 314]; *Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 501, fn. 1 [161 Cal.Rptr. 677].)

[2]The arbitration proceeding was phonographically recorded, but no transcript of the recording was prepared. The following facts are gleaned from the arbitrator's opinion.

the arbitrator noted that Flores' supervisor, Castro, participated in the falsification of her time cards and in fact benefited thereby; while this circumstance does not lessen Flores' culpability, it raises a serious question of equity. "The employer's consideration of Ms. Castro's 13 years of service is commendable. But, because of her greater responsibility as a supervisor, should not consideration be given to the four years service of her subordinate? [¶] There is no question that the discharge of [Flores] would have been for good cause except for the involvement of her supervisor. However, on balance, the disciplinary action taken should have been more nearly equal." The arbitrator determined that plaintiff did not have good cause to discharge Flores. It was ordered that she be reinstated without loss of seniority and that she be paid wages and benefits lost from the date of discharge to the date of reinstatement, less certain sums. In accord with a provision of the parties' collective bargaining agreement, the award was amended to limit to 85 calendar days the period for which wages and benefits must be paid to Flores regardless of the length of time between date of discharge and date of reinstatement.

Plaintiff petitioned to vacate the award on the ground that the arbitrator exceeded his powers (Code Civ. Proc., § 1286.2, subd. (d)) in the following respects: (1) he went beyond the scope of the parties' collective bargaining agreement and submission agreement by refusing to confine his attention to Flores' conduct in determining lack of good cause for her discharge, and instead basing such determination on the fact that Castro was not discharged for her role in the time card manipulation; and (2) the order that Flores be reinstated is contrary to a provision of the collective bargaining agreement which limits to an award of 85 days' backpay the relief which an arbitrator may grant in any case involving discipline of an employee.

The trial court granted the petition and this appeal followed.

### DISCUSSION

### I

■ The powers of an arbitrator are derived from the underlying agreement and the stipulation of submission. (*O'Malley* v. *Petroleum Maintenance Co.* (1957) 48 Cal.2d 107, 110 [308 P.2d 9]; *San Jose Federation etc. Teachers* v. *Superior Court* (1982) 132 Cal.App.3d 861, 864 [183 Cal.Rptr. 410]; *Ulene* v. *Murray Millman of California* (1959) 175 Cal.App.2d 655, 661 [346 P.2d 494].) ■ The collective bargaining agreement of the parties includes the following provisions: "The management of the Employer's business and the direction of the work force, in-

cluding but not limited to the right to . . . discharge or otherwise discipline employees for just cause . . . is vested exclusively in the Employer except as specifically limited by the terms of this Agreement" (art. II, § 2.1); "An employee may be discharged for only just cause. . . ." (art. VII, § 7.1); "All questions, grievances or controversies pertaining to the application or interpretation of this Agreement" shall be submitted to arbitration if not settled by the parties (art. XXXI, §§ 31.1-31.3). One of the issues submitted to the arbitrator was whether plaintiff had just cause for discharging Flores. In deciding that issue the arbitrator did not exceed his powers under either the collective bargaining agreement or the stipulation of submission.

Citing *Delta Lines, Inc.* v. *International Brotherhood of Teamsters* (1977) 66 Cal.App.3d 960 [136 Cal.Rptr. 345], plaintiff argues that the arbitrator exceeded his authority by deciding an issue not submitted to him, namely, that the discipline imposed on Flores and her supervisor, Castro, should have been equal. In *Delta Lines* the sole issue submitted to the arbitrator was whether the company had just cause under a collective bargaining agreement to discharge a former employee, John Platt. On appeal from judgment denying its petition to vacate an arbitration award in favor of the union, the company contended that in making the award the arbitrator exceeded the scope of his authority by deciding an issue which had not been submitted to him for decision. The court, however, stated that the real issue was "whether the arbitrator determined the issue that he was called upon to decide at all." (66 Cal.App.3d at pp. 962-963.) The court concluded that the arbitrator did not decide that issue, but instead based his award on his determination that the company improperly participated in a police search of the employee's room which unearthed a quantity of pills and led to his arrest. The court explained: "This was obviously an extraneous matter having nothing whatever to do with the single question submitted to him for decision—whether Company had just cause for discharging Platt." (66 Cal.App.3d at p. 967.) *Delta Lines* does not aid plaintiff for, unlike the situation in that case, the arbitrator here, regardless of the reasons underlying his award, did decide the issue submitted to him by determining that plaintiff discharged Flores without just cause.

In its petition to vacate the award plaintiff alleged: "[I]nstead of determining whether there was just cause for the discharge, the arbitrator went beyond the scope of the submission agreement and based his determination and award on an alleged disparate treatment between Mercedes Flores and her supervisor . . . . The arbitrator considered the issue to be one of equity and not whether [plaintiff] had good cause to discharge Mercedes Flores as was submitted. . . . [T]he arbitrator had no jurisdiction to decide the matter on the basis of equity." Thus, plaintiff claimed the award was in excess of

the arbitrator's powers because it was based on invalid grounds. An arbitrator does not exceed his powers merely because he assigns an erroneous reason for his decision. (*O'Malley* v. *Petroleum Maintenance Co.*, *supra*, 48 Cal.2d 107, 111.) ■ ■ ■ ■ Even if the arbitrator's decision on the issue submitted was wrong—which we do not decide[3]—it was within his power to make that decision and plaintiff is bound by it. (See *That Way Production Co.* v. *Directors Guild of America, Inc.* (1979) 96 Cal.App.3d 960, 965 [158 Cal.Rptr. 475]; *State Farm Mut. Auto. Ins. Co.* v. *Guleserian* (1972) 28 Cal.App.3d 397, 402-403 [104 Cal.Rptr. 683]; *Hernandez* v. *State Farm Ins. Co.* (1969) 272 Cal.App.2d 255, 257 [77 Cal.Rptr. 196].)

## II

■ The parties' collective bargaining agreement provides: "The impartial arbitrator shall have no authority to amend, alter, or add to or detract from this Agreement, or to grant more than 85 calendar days' backpay as a remedy in any case involving discipline or layoff. . . ." (art. XXXI, § 31.5); "The decision of the impartial arbitrator shall be final and binding and shall have the effect of a legal judgment and shall become part of this Agreement. Each of the parties hereto agrees to abide by said decision of said arbitrator" (art. XXXI, § 31.6). Plaintiff argued in the trial court, and here repeats the argument, that the arbitrator exceeded his powers in that he added to the terms of section 31.5 by ordering reinstatement of Flores in addition to awarding backpay to her. The contention lacks merit.

The parties submitted to the arbitrator the issue of the appropriate remedy for Flores if he found that her discharge was without just cause. ■ " 'Whether they were right or wrong, the arbitrators decided the issue that was properly before them, and the decision arrived at was one that the parties by their contract agreed should be conclusive. If there is an error in law it is not reviewable by the courts unless we are able to say that the arbitrators gave a completely irrational construction to the provision in dispute. . . .' [Citations.]" (*Manatt, Phelps, Rothenberg & Tunney* v. *Lawrence* (1984) 151 Cal.App.3d 1165, 1171 [199 Cal.Rptr. 246].) ■ The arbitrator reasonably could construe section 31.5 to contain only a limitation on the amount of backpay which may be awarded as a remedy for wrongful discharge, not to preclude the reinstatement of a wrongfully discharged

---

[3]We note, however, that, contrary to plaintiff's position, "Arbitrators may apply both legal and equitable principles in deciding the ultimate issue submitted to them [citation], and unless specifically required to act in conformity with rules of law may base their decision upon broad principles of justice and equity [citation]." (*Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838, 843 [170 Cal.Rptr. 349]. See also *California State Council of Carpenters* v. *Superior Court* (1970) 11 Cal.App.3d 144, 159 [89 Cal.Rptr. 625].)

employee as one of the remedies available to him. " 'The mere fact that a different construction could have been accorded the provisions concerned and a different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award. . . .' " (*Jones* v. *Kvistad* (1971) 19 Cal.App.3d 836, 843 [97 Cal.Rptr. 100].)

## DISPOSITION

The order is reversed.

Thompson, J., and Johnson, J., concurred.