[No. B023208. Second Dist., Div. Seven. July 26, 1988.]

JAMES H. FURLOUGH, Plaintiff and Appellant, v. TRANSAMERICA INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

S. K. Khalsa for Plaintiff and Appellant.

Daniels, Baratta & Fine and Lance Orloff for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—James Furlough petitioned the superior court for confirmation of an arbitration award. (Code Civ. Proc., § 1285 et seq.) ■ ■■ ■■ He appeals from judgment confirming the award as reduced by the court.[1]

## FACTS

James Furlough leased a tractor-trailer rig. The leased equipment was covered by a comprehensive business auto policy (primary policy), issued by Transamerica Insurance Company (Transamerica) to the lessor, which included uninsured motorist insurance with limits of $300,000 per accident. As required by subdivision (f) of Insurance Code section 11580.2, the primary policy contained a provision for arbitration of disputes regarding uninsured motorist insurance. The primary policy was supplemented by the following policies, also issued by Transamerica: (1) a personal umbrella policy which provided uninsured motorist coverage of $25,000 maximum per accident and (2) a commercial umbrella policy, with $1 million limits of liability, which did not mention uninsured motorist coverage. While all

---

[1] A judgment confirming an arbitrator's award is appealable. (Code Civ. Proc., §§ 1287.4, 1294, subd. (d); *Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56, 71 [42 Cal.Rptr. 473].) Inasmuch as the judgment confirms only a portion of the award, Furlough is aggrieved by the judgment and has standing to appeal from it. (See Code Civ. Proc., § 902; *Robinson* v. *Superior Court* (1984) 158 Cal.App.3d 98, 107 [204 Cal.Rptr. 366]; *Taylor* v. *Polackwich* (1983) 145 Cal.App.3d 1014, 1020, fn. 3 [194 Cal.Rptr. 8].)

three policies were in effect, Furlough sustained personal injuries when the leased rig he was driving was struck and forced off the road by a hit-and-run vehicle and driver. Furlough filed a demand with the American Arbitration Association for arbitration of his dispute with Transamerica regarding his right to recover under the uninsured motorist insurance. In a second amended demand for arbitration Furlough sought $1.3 million arguing the commercial umbrella policy provided a maximum of $1 million uninsured motorist coverage. The arbitrator rendered an award ordering Transamerica to pay Furlough $744,695 "as general damages under the uninsured motorist provision of the policy." Pursuant to motion of Transamerica the arbitrator corrected his award by deducting therefrom $2,900 representing sanctions imposed on Furlough and remaining unpaid.

Furlough filed a petition in superior court to confirm the award of $741,795. In its response to the petition, Transamerica alleged the arbitrator exceeded his powers by making an award in excess of the applicable policy limits. Transamerica sought an order correcting the award to reduce it to the alleged policy limits of $325,000. The court determined that the commercial umbrella policy does not provide uninsured motorist coverage; such coverage is limited to $325,000 as provided by the primary policy and the personal umbrella policy. Judgment was entered reducing the arbitration award to $325,000 and confirming the award as so corrected. Furlough appealed from the judgment.

Pursuant to agreement between Furlough and his attorney, Transamerica paid the attorney $45,000 of the $325,000 it was ordered by the judgment to pay to Furlough. The sum of $280,000 remaining due under the judgment later was paid to Furlough. The court thereafter entered an order that the judgment was satisfied in full.

DISCUSSION

I

■ Respondent contends the appeal must be dismissed because appellant, by voluntarily accepting the proceeds of the judgment, waived his right to appeal. The contention lacks merit.

■ The general rule that the voluntary acceptance of the benefits of a judgment bars appeal therefrom is subject to the exception that where the benefits accepted are those to which the appellant would be entitled even in the event of a reversal, acceptance thereof does not bar prosecution of the appeal. (*In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 744 [131 Cal.Rptr. 873, 552 P.2d 1169].) Thus, " '. . . where the judgment clearly establishes

the appellant's right to recover but the amount is less than he demands, he may accept it and nevertheless appeal, claiming the larger recovery. [Citations.]' " (*Ibid.*; see also *Severtson* v. *Williams Construction Co.* (1985) 173 Cal.App.3d 86, 96 [220 Cal.Rptr. 400].) ▮▮▮ Respondent sought reduction of the arbitration award to $325,000 thereby in effect admitting that appellant is entitled to that sum. By this appeal appellant seeks reversal of the judgment for a portion of the award ($325,000) and a determination that the full award ($741,795) should be confirmed. Accordingly, appellant's acceptance of the sum of $325,000 in satisfaction of the judgment does not bar his prosecution of this appeal.

We turn now to the merits of the appeal.

## II

The statutory requirement for arbitration of uninsured motorist claims is contained in subdivision (f) of Insurance Code section 11580.2 which provides in pertinent part: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . ." The word "damages" in this provision means the damages which the insured is entitled to recover from the uninsured motorist, and the statute thus requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of damages. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480 [121 Cal.Rptr. 477, 535 P.2d 341]; *Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* (1976) 56 Cal.App.3d 657, 661 [128 Cal.Rptr. 514].) ▮▮▮ Accordingly, where, as in the present case, the policy essentially restates the statutory language,[2] arbitration is limited to issues relating to liability of the uninsured motorist to the insured (*Hartford Accident & Indemnity Co.* v. *Jackson* (1983) 150 Cal.App.3d 111, 115 [197 Cal.Rptr. 477]); it does not include determination of the extent of coverage and the amount of money the insurance company is obligated to pay the insured. (*Allstate Ins. Co.* v. *Shmitka* (1970) 12 Cal.App.3d 59, 63 [90 Cal.Rptr. 399]; *Campbell* v. *Farmers Ins. Exch.* (1968) 260 Cal.App.2d 105, 110-111 [67 Cal.Rptr. 175].) While the parties voluntarily may submit to arbitration issues other than those required by

---

[2] The uninsured motorist coverage in the primary policy included the following arbitration provision: "If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event the disagreement will be settled by a single neutral arbitrator. Each party will bear the expenses of the arbitrator equally."

statute and the policy, "the courts will not infer a voluntary submission of a nonstatutory issue in the absence of a clear showing that the parties so intended, either by actual litigation or argument of the issue . . . or by some other unambiguous conduct." (*Allstate Ins. Co.* v. *Shmitka, supra,* 12 Cal.App.3d 59, 63; see also *National Indemnity Co.* v. *Superior Court* (1972) 27 Cal.App.3d 345, 349 [103 Cal.Rptr. 606].)

■ Appellant insists the parties submitted to arbitration the question of the policy limits of uninsured motorist coverage and therefore the award, which in effect determined that such coverage was afforded by the commercial umbrella policy, is binding. (See *Hacienda Hotel* v. *Culinary Workers Union* (1985) 175 Cal.App.3d 1127, 1133 [223 Cal.Rptr. 305]; *Woodard* v. *Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 661-662 [217 Cal.Rptr. 514].) The premise underlying this contention is unsupported by the record. Appellant argued below that "[b]oth parties, by submitting pleadings in written form, relinquished to the authority of the arbitrator the right of determination of issues of coverages and policy limits." The record on appeal does not include the papers purportedly submitted in the arbitration proceeding upon which the argument was based. Further, the trial court issued no statement of decision, none having been requested. (Code Civ. Proc., § 632.) Under these circumstances it must be presumed in support of the judgment that the trial court resolved against appellant the issue of the parties' claimed submission of coverage and policy limits to arbitration. ■ "A judgment of the lower court is presumed correct, and all intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. [Citation.] Where no statement of decision is requested, it must be presumed that the trial court found facts necessary to support the judgment." (*Roffinella* v. *Sherinian* (1986) 179 Cal.App.3d 230, 236 [224 Cal.Rptr. 502]; see also *Jacques Interiors* v. *Petrak* (1987) 188 Cal.App.3d 1363, 1369 [234 Cal.Rptr. 44].)

■ The powers of an arbitrator are derived from the underlying agreement and the stipulation of submission. (*Hacienda Hotel* v. *Culinary Workers Union, supra,* 175 Cal.App.3d 1127, 1131.) An arbitration award which embraces matters outside the agreement and not submitted to the arbitrator is subject to modification under Code of Civil Procedure section 1286.6, subdivision (b).[3] (See *Meat Cutters Local No. 439* v. *Olson Bros.* (1960) 186 Cal.App.2d 200, 204 [8 Cal.Rptr. 789]; *Doyle* v. *Hunt Construction Co.*

---

[3] Code of Civil Procedure section 1286.6 provides in pertinent part: "Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that: . . . [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted . . . ."

(1954) 123 Cal.App.2d 51, 54 [266 P.2d 152].) ■ The trial court impliedly determined that the issue of the extent of uninsured motorist coverage was not submitted to the arbitrator and therefore such issue was before the court for determination. (See *Allstate Ins. Co.* v. *Shmitka, supra,* 12 Cal.App.3d 59, 63.) The only remaining question is whether the trial court correctly resolved that issue by ruling that the commercial umbrella policy did not furnish uninsured motorist coverage. We conclude the court was correct in that determination.

The commercial umbrella policy did not expressly provide uninsured motorist coverage and may not be read to include such coverage. While every bodily injury motor vehicle liability policy issued or delivered in this state must provide uninsured motorist coverage (Ins. Code, § 11580.2; *Kincer* v. *Reserve Ins. Co.* (1970) 11 Cal.App.3d 714, 718-719 [90 Cal.Rptr. 94]), neither statutory nor decisional law requires that insurance furnished on an umbrella or excess basis include uninsured motorist coverage. (See Ins. Code, § 11580.2, subd. (a)(1); *Wiemann* v. *Industrial Underwriters Ins. Co.* (1986) 177 Cal.App.3d 38, 43-44 [222 Cal.Rptr. 705].) "[Insurance Code] section 11580.2 specifically excludes from its application automobile liability coverage provided on an 'excess or umbrella basis.' If they deem it advisable for public policy reasons, the Legislature or the people through the initiative process may alter section 11580.2 to delete this specific exclusion. It is not the function of this court to do so." (*Wiemann* v. *Industrial Underwriters Ins. Co., supra,* 177 Cal.App.3d at p. 44.) Accordingly, the trial court properly corrected the arbitration award to restrict appellant's recovery to the uninsured motorist limits provided by the primary policy as supplemented by the personal umbrella policy. ■ Such result not only is mandated by the express terms of the uninsured motorist statute, but also is in accord with the purpose of the statute which is "not to make all drivers *whole* from accidents with uninsured drivers, but to make sure that drivers injured by such drivers are protected to the extent that they would have been protected had the driver at fault carried the statutory minimum of liability insurance." (*Pabitzky* v. *Frager* (1985) 164 Cal.App.3d 401, 403 [210 Cal.Rptr. 426], original italics; fn. omitted.)

### III

■ Respondent requests that we impose sanctions against appellant for taking a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) Under the standards set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 648-651 [183 Cal.Rptr. 508, 646 P.2d 179], we cannot say the appeal is frivolous.

## DISPOSITION

The judgment is affirmed.

Johnson, J., and Kolts, J.,* concurred.

A petition for a rehearing was denied August 25, 1988, and appellant's petition for review by the Supreme Court was denied October 12, 1988.

* Assigned by the Chairperson of the Judicial Council.