NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

Plaintiff-Appellee,

v.

TIFFANY CHOW,

Defendant-Appellant.

No.    19-55837

D.C. No.
8:18-cv-01390-JVS-ADS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 7, 2020**
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and ZOUHARY,*** District Judge.

Tiffany Chow appeals the district court judgment in favor of IDS Property

Casualty Insurance Company in this insurance coverage dispute.  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, we review the grant of summary judgment de novo, *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015), and we affirm.

The automobile insurance policy provided $250,000 per person in underinsured motorist bodily injury coverage to a named insured or a "relative" of a named insured. The policy defined a "relative" as "a person related to you by blood, marriage, registered domestic partnership under California law or adoption who is a resident of your household and whom you have previously identified to us." The district court concluded that Chow was ineligible for coverage because she had not been "previously identified" to IDS as a resident relative. In fact, the named insureds had informed IDS that Chow was *not* a resident of their household.

The district court further concluded that Chow was covered by the implied-by-law terms of the policy. In the absence of a written waiver, California law requires an automobile insurance policy to provide underinsured motorist bodily injury coverage of at least $30,000 per person to any relatives of a named insured "while residents of the same household." Cal. Ins. Code § 11580.2(a)(1), (b), (m)(1). The district court held that Chow, as a resident relative, was covered for $30,000 as provided by California law. Chow appeals, arguing that her coverage was $250,000 rather than $30,000.

**1.** Chow maintains that she is entitled to $250,000 in coverage under the express terms of the policy because the "previously identified" requirement is unenforceable, and when that requirement is read out of the policy, she meets the policy's definition of "relative." We disagree. Under California law, "policy exclusions . . . are not enforceable *to the extent* they conflict with California law." *Cal. Fair Plan Ass'n v. Garnes*, 218 Cal. Rptr. 3d 246, 268-69 (Ct. App. 2017) (emphasis added); *accord Samson v. Transamerica Ins. Co.*, 636 P.2d 32, 39 (Cal. 1981). Thus, the policy's "previously identified" requirement is unenforceable to the extent it denies all coverage to unidentified resident relatives, but it is enforceable to the extent it denies coverage above the $30,000 statutory minimum.

*Enterprise Insurance Co. v. Mulleague*, 241 Cal. Rptr. 846, 849 (Ct. App. 1987), is illustrative: "Unless the insurer and the named insured execute a written waiver in the form prescribed by subdivision (a)(2) of section 11580.2, an insurance policy governed by its terms will be held to provide uninsured motorist coverage in the amounts mandated in that section." *See also Utah Prop. & Cas. Ins. Guar. Ass'n v. United Servs. Auto. Ass'n*, 281 Cal. Rptr. 917, 922 (Ct. App. 1991) ("[E]very insurance policy must be read so as to provide the minimum coverage required by law under a policy of that type, even where the policy on its face fails to do so."); *Pabitzky v. Frager*, 210 Cal. Rptr. 426, 427 (Ct. App. 1985) ("[T]he purpose of the uninsured motorist statute is not to make all drivers *whole*

3

from accidents with uninsured drivers, but to make sure that drivers injured by such drivers are protected to the extent that they would have been protected had the driver at fault carried the statutory minimum of liability insurance."). Under our case law, "we follow decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise." *Edgerly v. City & Cty. of S.F.*, 713 F.3d 976, 982 (9th Cir. 2013) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010)).

Chow's attempts to distinguish *Mulleague*, or to invoke what she refers to as the "statutory incorporation doctrine," are unpersuasive. Unlike the statute at issue in *United Teachers-Los Angeles v. Los Angeles Unified School District*, 29 Cal. Rptr. 2d 897, 902 (Ct. App. 1994), which expressly declares certain insurance policies "null and void," section 11580.2 renders unenforceable an insurance policy's provisions only *to the extent* they conflict with California law. For these reasons, the district court properly concluded that Chow's underinsured motorist coverage was $30,000.

**2.** We reject Chow's contention that the district court improperly concluded that the "previously identified" requirement was plain, clear, and conspicuous. *See Ponder v. Blue Cross of S. Cal.*, 193 Cal. Rptr. 632, 637 (Ct. App. 1983). Further, although the policy did not clearly or conspicuously state that Chow was eligible by law for $30,000 in underinsured motorist coverage, Chow

4

points to no authority requiring a policy to clearly and conspicuously set forth policy terms enhancing—rather than reducing—insurance coverage. *See Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 385 (Cal. 2004) (explaining that, under California law, "any provision that *takes away or limits* coverage reasonably expected by an insured must be 'conspicuous, plain and clear'" (emphasis added) (quoting *Steven v. Fid. & Cas. Co. of N.Y.*, 377 P.2d 284, 294 (Cal. 1962))).

3.  We also reject Chow's contention that she was "previously identified" to IDS. The policy unambiguously required the named insured to identify Chow as both a relative and a resident of the household. Chow was not so identified.

The judgment of the district court is **AFFIRMED.** Chow's motion to supplement the record on appeal (Dkt. 11) and her request for judicial notice (Dkt. 14) are **DENIED.**