[No. B002974. Second Dist., Div. Four. Nov. 30, 1984.]

DALE HENDERSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KENNETH ZIMMELMAN et al., Real Parties in Interest.

[No. B007369. Second Dist., Div. Four. Nov. 30, 1984.]

KAREN FALLON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KENNETH ZIMMELMAN et al., Real Parties in Interest.

COUNSEL

Tharpe & Howell, Jonathan G. Maile, Clausen, Harris & Campbell and Victor E. Aguilera for Petitioners.

No appearance for Respondent.

Gilbert, Kelly, Crowley & Jennett, Patrick A. Mesisca, Jr., Hartman, Hosp, Richard & Schlegel, Maureen A. McKinley and Richard Bisetti for Real Parties in Interest.

OPINION

**KINGSLEY, Acting P. J.**—These two cases arise out of the same incident, involving two "gangs." After a confrontation, real party in interest (Zimmelman) drove his automobile into a group of members of the other gang, injuring, inter alia, John Fallon. John Fallon sued Zimmelman, his parents and other members of the gang to which Zimmelman belonged. Zimmelman cross-complained against petitioners Henderson and Karen Fallon, alleging

an attack by Henderson on him, resulting in injuries, and alleging that his conduct was no more than an attempt to escape from further assaults by Henderson and other members of the gang. Petitioner Fallon is alleged to have aided Henderson in the assault on Zimmelman.

Eventually counsel for Henderson and Karen Fallon agreed with counsel for John Fallon to settle any claims of John Fallon against petitioners for the payment of $10,000 by Henderson and the payment of $8,000 by Karen Fallon.

Proceedings were brought by Henderson and Fallon seeking a determination of good faith as to both settlement agreements. The trial court found the settlements to be in bad faith and these proceedings in mandate followed. We hold that the agreements were collusive within the meaning of the cases dealing with the issue of good faith and therefore deny the petitions, leaving the parties to litigate the issue of liability among themselves.

I

We reject the contention of the real party that the settlements are not in good faith because no money has yet been paid or made available to Henderson or Karen.

At oral argument, counsel for the petitioners expressly stated that they considered themselves professionally obligated to see that the $18,000 were paid to John Fallon if a finding of good faith were made. We can see no defect in that procedure. It may be that some settlors are able and willing to pay over money, or to put it in some kind of escrow, pending final action by a court on the issue of good faith. But where, as here, both parties to a settlement agreement bring the good faith proceeding in reliance on its being consummated if approved, the trial court can, and should, determine the issue on its merits.

II

The proceedings on these petitions have taken almost a year to reach the point of a decision by this court and have involved two hearings in the trial court and extensive taking of evidence. The order now before us denies a good faith finding, but expressing as a reason only the lack of proportionality between the amounts offered and agreed to and the potentiality of Zimmelman's liability to John Fallon.

We hold that that ground, by itself, is not a valid reason for refusing to find good faith. Prior to trial of the underlying lawsuit, it is pure speculation

to place a ruling on a guess as to the ultimate liability of either the settling defendant or the amount of the nonsettling defendant's ultimate judgment, if any. Litigants may seek to avoid the costs, or the uncertainties, of litigation and, without admitting liability on the part of the payor, or lack of validity in the claims of the payee, be willing, even anxious, to avoid by an immediate payment the expense, aggravation and uncertainty of trial.

### III

Although the trial court failed to make an express finding on the issue of collusion, the parties agree that, since we have before us all the evidence on that issue, and would review any determination that the trial court might make, further remand for a finding was unnecessary and that we can, and should, decide the issue here and now.

Our review of the record leads us to conclude that the proposed settlements cannot be held to be in good faith.

(a) One contention concerning bad faith is without merit. Although petitioner Henderson testified that he had not participated in settlement negotiations, and had no money or insurance with which to pay, it appears from statements of counsel that the parents of both Henderson and Karen Fallon had insurance available and adequate to make the payments and that the insurers were ready and willing to make them.

(b) A second contention is valid. Karen Fallon is the sister of John Fallon. Henderson and John Fallon are close personal friends, seeing each other ordinarily every day. Henderson and both Fallons are members of, or affiliated with, the gang against which Zimmelman is alleged to have driven his car. At no time has John Fallon, in the record before us, ever suggested that he had any claim for damages against either Henderson or Karen Fallon and John Fallon did not join either of them as defendants in the action against Zimmelman. The only possible motive for the settlement here before us is to insulate John Fallon's sister and friend from possible liability to Zimmelman on the cross-complaint. We have here exactly the "collusion" which earlier cases have held amounts to bad faith.

The petitions are denied. Real parties shall recover their costs in the trial

court and in this court.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied December 18, 1984, and petitioner's application for a hearing by the Supreme Court in No. B007369 was denied January 3, 1985.