[No. G011463. Fourth Dist., Div. Three. Sept. 21, 1992.]

TRUCK INSURANCE EXCHANGE, Plaintiff and Appellant, v.
DYNAMIC CONCEPTS, INC., Defendant and Respondent.

**COUNSEL**

Lovretovich & Karen, Joseph M. Lovretovich, Lichtman & Bruning, Peter D. Lichtman, Greines, Martin, Stein & Richland, Irving H. Greines, Feris M. Greenberger and Roxanne Huddleston for Plaintiff and Appellant.

Ernest C. Chen, Feldman & Rothstein and George Owen Feldman for Defendant and Respondent.

**OPINION**

**CROSBY, J.**—Truck Insurance Exchange appeals from the denial of its petition to compel binding arbitration to resolve a dispute with its insured, Dynamic Concepts, Inc. We again reject Dynamic's request to dismiss the appeal and affirm on the merits.

## I

Dynamic, named as a defendant in a federal lawsuit, immediately tendered its defense to Truck. Truck promptly accepted the defense under a reservation of rights[1] and selected a law firm to defend its insured. Dynamic refused the insurer's designation of counsel, hired an attorney, and demanded that Truck pay the fees.[2]

Truck declined, noting it "fail[ed] to see any conflict with respect to the defense of our insured in this action and, therefore, [did] not recognize this as a *Cumis* situation." Dynamic filed a complaint for bad faith insurance practices and declaratory relief. Truck quickly responded with a petition to compel arbitration.[3]

Truck contended Dynamic's suit was nothing more than a "dispute concerning attorney's fees [which, per the mandates of Civil Code section 2860, subdivision (c),] shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." Dynamic disagreed, arguing the issue was whether "a conflict of interest [had arisen] which create[d] a duty on the part of the insurer to provide independent counsel to the insured." (Civ. Code, § 2860, subd. (a).) This question, claimed Dynamic, was not intended by the Legislature to be resolved via the mandatory, binding arbitration provisions of subdivision (c) of section 2860.

The superior court denied the petition, and Truck appealed. On September 25, 1991, this court denied Dynamic's motion to dismiss the appeal as having been taken from an nonappealable order. The next day we denied Truck's petition for extraordinary relief and request for an immediate stay of

---

[1]Truck's March 22, 1991, reservation of rights letter noted the following: (1) "[T]he damages claimed in the subject Complaint may not have occurred during the policy period"; (2) "coverage [may not be afforded] if the damages sustained by the plaintiffs do not fit the definitions of Bodily Injury, Property Damage or Occurrence [in the policy]"; (3) "[t]o the extent that the acts alleged or damages sustained are a result of intentional acts by the insured, such acts or damages would not be covered by the [ ] Policy"; (4) "coverage [is excluded] for Punitive or Exemplary Damages or the cause of defense related to such damages"; and (5) "[P]ersonal Injury and Advertising Offense [coverage] . . . does not apply . . . [¶] [to] '[f]ailure of performance of contract, other than the unauthorized appropriation of ideas based upon alleged Breach of Implied Contract.' "

[2]Under the control of Dynamic's chosen counsel, the underlying litigation was concluded by settlement.

[3]Curiously, Truck initiated an independent petition. It would have been more economical and a better use of judicial resources to simply petition via motion in the pending lawsuit.

proceedings in the superior court. (*Truck Ins. Exchange* v. *Dynamic Concepts, Inc.* (Sept. 26, 1991) G011473 [nonpub. opn.].)[4]

## II

We first treat with Dynamic's renewed request, presented in its brief, to dismiss the appeal. Dynamic once again argues that Code of Civil Procedure section 1294, which authorizes an appeal from the denial of a petition to compel arbitration, applies only in the case of arbitration agreements. Where the right to arbitration is a creature of statute (in this case, Civ. Code, § 2860), Dynamic contends the policy reasons for permitting an appeal from a refusal to enforce it do not apply and an appeal should not be entertained.

■ Citing *Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227 [28 Cal.Rptr. 865, 379 P.2d 321], Truck responds that our previous denial of the motion to dismiss is final and law of the case and cannot be reviewed. The Supreme Court held in *Pigeon Point* that the law of the case doctrine applies to the denial of a motion to dismiss an appeal so long as no injustice or unfairness results. (*Id.* at p. 232.) There would be none here; to the contrary, the denial of Dynamic's motion "will enable us to promptly dispose of the only issue[] involved on the merits." (*Ibid.*) Accordingly, our previous ruling stands.

## III

Civil Code section 2860, the *Cumis* statute,[5] deals with various aspects of an insured's selection of independent counsel where a conflict of interest has arisen between an insurer and its insured concerning the duty of the former to defend and indemnify the latter in litigation prosecuted by third parties. Where insurer and insured unconditionally agree independent counsel is warranted and where independent counsel is actually retained, subdivision (c) provides a simple remedy for resolving disputes concerning the fees to be paid to that individual or firm: arbitration.

■ But nowhere in that subdivision—or anywhere else in the statute, for that matter—is there the suggestion that a dispute between insurer and insured concerning the duty to provide independent counsel in the first instance is to be resolved in the same manner. While arbitration is currently

---

[4]In a second writ petition, this one filed by Dynamic, we declined to intervene in the trial court's decision not to grant the insured's motion, filed in the declaratory relief/bad faith action, for summary adjudication of issues. There, Dynamic sought to establish as a matter of law that Truck had a duty to defend its insured in the underlying litigation.

[5]A tribute to *San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 484, 50 A.L.R.4th 913].

viewed as an efficient and favored method of dispute resolution, without a statutory mandate or contractual provision requiring its use, a litigant cannot be deprived of its day in court.[6] The superior court properly denied the petition.

Order affirmed. Respondent is entitled to costs.

Sills, P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 1992.

---

[6]Another panel of this court reaches the same conclusion in another opinion filed today. (*Callahan & Gauntlett* v. *Superior Court* ▮(Cal.App.).)