[No. B104133. Second Dist., Div. Four. Dec. 18, 1996.]

TRUCK INSURANCE EXCHANGE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ANDREW CHERNG et al., Real Parties in Interest.

**COUNSEL**

Chapin, Fleming & Winet, Richard D. Carter, Jeffrey C. Stodel, Howard Hoffenberg, Horvitz & Levy, David M. Axelrad and Ari R. Kleiman for Petitioner.

No appearance for Respondent.

R. Michael Wilkinson, Philip J. Tellerine, Feldman & Ghods and Lana Feldman for Real Parties in Interest.

**OPINION**

**HASTINGS, J.**—This writ proceeding presents a question whether confirmation of an arbitration award pursuant to Civil Code section 2860 is inconsistent with a prior reservation of rights issued by an insurance carrier. We conclude that it is not, and grant a peremptory writ of mandate ordering the trial court to set aside the original order granting summary adjudication in favor of real parties in interest.

### STATEMENT OF FACTS

On July 24, 1991, real parties in interest, Andrew Cherng, Peggy Cherng, Panda Management Company, Inc., Panda Express, Inc., and Galleria II Panda Express, Inc. (collectively referred to as real parties), were served with a complaint filed in the Los Angeles County Superior Court by Jack Yu and Fung Nien Chow (the Yu action). The complaint alleged that Yu and Chow were business partners with the Cherngs in the various Panda entities.

Petitioner, Truck Insurance Exchange, had issued a number of insurance policies to real parties and they requested that petitioner provide defense and indemnity with regard to the Yu action. Petitioner agreed to provide a defense under a reservation of rights which included the "right to seek reimbursement of any sums spent in defense or settlement of the [Yu action] should it be determined that the Truck policies do not apply to the [Yu action]." In addition, petitioner advised real parties that if they believed a conflict of interest existed by reason of the reservation of rights they could invoke the provisions of Civil Code section 2860 (hereafter section 2860) and request independent counsel.

Real parties requested independent counsel and were afforded a defense by counsel of their choice, resulting in a judgment in their favor entered on March 26, 1993.

On July 14, 1992, petitioner initiated a declaratory relief action against real parties, seeking a declaration that it owed no duty to defend them in connection with the Yu action and that it was entitled to reimbursement for moneys spent in defense of the suit. Real parties cross-complained against petitioner alleging causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

A dispute arose over the amount and nature of fees to be paid by petitioner to independent counsel, and petitioner filed a motion to compel arbitration pursuant to section 2860, subdivision (c). Petitioner contended arbitration would conclude all issues in connection with the cross-complaint filed by real parties, which petitioner characterized as basically seeking relief for attorneys fees pursuant to section 2860. Real parties filed opposition to the motion and disagreed with petitioner's characterization of their cross-action. They advised the court they had filed a first amended cross-complaint that expanded their theories beyond attorneys fees to include breach of the covenant of good faith and fair dealing, fraud, and negligent misrepresentation. However, they stated they were "agreeable to arbitration of its 'attorney's fees' dispute with [petitioner] as the scope of Section 2860(c) permits."

At the hearing on the motion, the scope of the arbitration was discussed and counsel for each side urged that the arbitration should be limited to attorneys fees and not include issues of bad faith, coverage, or other legal issues raised by the pleadings in the action.[1] The court ultimately ruled: "I'm going to compel arbitration of the portions of the cross-complaint that fall under Civil Code 2860(c). The allegation re: denial of coverage shall not be included. [¶] . . . [¶] Should I say the allegations re: denial of coverage and/or bad faith [¶] . . . [¶] And/or fraud [¶] . . . [¶] or negligent misrepresentation."

Arbitration was conducted, and on August 20, 1993, the arbitrator issued an award as follows: "[Real parties are] entitled to be reimbursed $456,260.50 for attorney's fees, $96,734.50 for paralegal charges and $134,264.47 for costs incurred to outside third parties for a total of $687,259.47 less the sum of $352,248.07 previously paid by [petitioner] to [real parties] resulting in a net award in favor of [real parties] against [petitioner] of $335,011.40."

---

[1]The following colloquy occurred: "MR. BENJAMIN [counsel for petitioner]: The arbitrator under 2860 has no jurisdiction to determine issues of bad faith, coverage or anything else. The only thing the arbitrator does, the arbitrator's mission is to simply determine if any additional fees are owed. [¶] THE COURT: Right. [¶] . . . [¶] MS. FELDMAN [counsel for real parties]: It's our position that the first amended cross-complaint raises issues that are significantly broader than what is required to be arbitrated under 2860(c). . . . [¶] THE COURT: So, you're right; so those won't be arbitrated."

Petitioner sought confirmation of the award pursuant to the contractual arbitration provisions of Code of Civil Procedure section 1280 et seq. Real parties objected to confirmation pursuant to the contractual arbitration statutes because they were concerned that petitioner would attempt to use the resulting judgment to assert res judicata against the remaining portions of their first amended cross-complaint. However, they did agree that an interlocutory judgment relating to the issues raised in the arbitration would be appropriate. The court ordered counsel for real parties to prepare and submit an interlocutory judgment.

The interlocutory judgment was entered on October 28, 1994. The following is recited in the judgment: "On November 9, 1992, this court granted [petitioner's] motion and ordered arbitration of the 'portions' of the cross-complaint of [real parties] that fall under Civil Code Section 2860(c), specifically excluding from arbitration allegations re: denial of coverage and/or bad faith and/or fraud and/or negligent misrepresentation." It then ordered real parties to recover from petitioner the sum ordered by the arbitrator and concluded with the following language: "This is an Interlocutory Judgment. This court retains jurisdiction to make further orders necessary to complete determination of the proceedings." On the same date the interlocutory judgment was entered, checks for the amount awarded were tendered in satisfaction of it.

Real parties filed their second amended cross-complaint on November 17, 1994. It included eight separate causes of action: two for breach of contract, two for breach of the implied covenant of good faith and fair dealing, and one each for fraud, negligent misrepresentation, civil conspiracy, and declaratory relief. Pertinent to our discussion, the first cause of action alleges breach of contract against petitioner for failure to timely and adequately defend real parties and asserts that not all of the costs incurred by real parties in defense of the Yu action were included in the arbitration award.

True to the prediction of real parties, petitioner filed a demurrer and asserted that many, but not all, of the claims contained within the second amended complaint were subsumed by the arbitration award: "[Real parties] now attempt[] to state causes of action for breach of contract, breach of an implied covenant of good faith and fair dealing ('bad faith'), fraud, negligent misrepresentation, and conspiracy based upon matters previously arbitrated and upon which an Interlocutory Judgment has been entered. These causes of action are barred by the doctrine of *res judicata*. [Real parties'] allegations in the Second Amended Cross-Complaint *regarding [petitioner's] payment of defense fees* have merged into the arbitration award and are barred by the Interlocutory Judgment. The doctrine of *res judicata* therefore precludes

those claims." (Italics added.) Petitioner also challenged other claims within the cross-complaint on other grounds. The trial court sustained the demurrer to the first cause of action without leave to amend on the basis that the issues alleged therein were covered by the arbitration; it denied the remaining demurrers. Real parties filed a third amended cross-complaint deleting the breach of contract cause of action against petitioner.

On April 26, 1996, real parties filed a motion for summary adjudication requesting that the court adjudicate that petitioner had a duty to defend and provide independent counsel to real parties in the Yu action. Relying upon *Handy* v. *First Interstate Bank* (1993) 13 Cal.App.4th 917 [16 Cal.Rptr.2d 770] and *Truck Ins. Exchange* v. *Dynamic Concepts, Inc.* (1992) 9 Cal.App.4th 1147 [11 Cal.Rptr.2d 873], real parties argued that, by participating in the arbitration without obtaining a prior judicial determination of the duties to defend and to provide independent counsel, petitioner conceded the issues. Therefore, they concluded, the arbitration award was res judicata on both issues and the only remaining issue to be decided was the extent of tort damages to be awarded to real parties.

Petitioner opposed the motion, urging that real parties' position was flawed because it would result in forfeiture of a carrier's reservation of rights by invoking arbitration to resolve attorneys fee issues while the carrier provided a defense to the insured. They urged that real parties "misread *Dynamic Concepts* and *Handy* for the proposition that there is an express or implied adjudication of a duty to defend and the existence of a conflict of interest by virtue of an insurer voluntarily availing itself [of] arbitration to resolve a fee dispute."

Real parties filed a reply to petitioner's opposition wherein they conceded "that the prerequisite issues to the Civil Code § 2860(c) arbitration were not actually litigated or decided by [the arbitrator]." Real parties also argued that their motion "does not ultimately rest on a finding of implied waiver, as a matter of law, and certainly not express waiver through [petitioner's] prior counsel in this litigation. . . ."

On July 1, 1996, the trial court issued a minute order granting real parties' summary adjudication motion. On the issue of the effect of the arbitration, the court stated as follows: "Court finds that a Civil Code Section 2860(c) arbitration is improper in absence of either a court determination that there is a duty to defend and a conflict of interest or a stipulation or unconditional agreement between the parties. Despite the impropriety [petitioner] petitioned to compel arbitration and then petitioned to confirm the award. *A Civil Code Section 2860(c) arbitration assumes the existence of a duty to*

*defend and a conflict. The order confirming the arbitration award and entering judgment is res judicata with respect to all issues which were litigated or assumed by the judgment.*" (Italics added.)

The court also made the following finding: "Even if the arbitration was not res judicata, [petitioner] would be estopped from denying that it owed a duty to defend and that there was a conflict of interest because, to [real parties'] detriment, [petitioner] asserted res judicata in a demurrer which successfully extinguished [real parties'] breach of contract claim. [Petitioner] cannot continue to litigate whether it owed a duty to defend (and possibly prevail and entitle itself to reimbursement) after denying [real parties] the opportunity to prove contract damages."

No notice of the trial court's ruling was given. The parties stipulated to extend time for petitioner to seek writ relief from the July 1, 1996, order through July 31, 1996, and the trial court granted the extension.

On July 31, petitioner filed the instant petition for writ of mandate or in the alternative for writ of prohibition, challenging the July 1 ruling. We issued an alternative writ, and real parties filed opposition.

## DISCUSSION

■ An insurance carrier owes a duty to defend its insured whenever a suit against the insured "*potentially* seeks damages within the coverage of the policy." (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 275 [54 Cal.Rptr. 104, 419 P.2d 168].) The duty to defend continues until the insurer can conclusively eliminate, through undisputed facts, any potential for coverage under the policy. (*Montrose Chemical Corp.* v. *Superior Court* (1993) 6 Cal.4th 287, 301 [24 Cal.Rptr.2d 467, 861 P.2d 1153].)

■ If there is a question whether the duty to defend exists, the carrier has three choices it can pursue. First, the carrier may accept defense of the lawsuit without raising any objection to coverage. By doing so, the insurer waives its right to contest coverage at a later date. (*Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 755 [161 Cal.Rptr. 322].)

Second, the carrier may simply refuse to furnish a defense, but under this option the carrier may place itself in a position of risk: it loses control over defense of the action (*Drinnon* v. *Oliver* (1972) 24 Cal.App.3d 571, 580 [101 Cal.Rptr. 120], overruled on other grounds in *Johnson & Johnson* v. *Superior Court* (1985) 38 Cal.3d 243, 254-255 [211 Cal.Rptr. 517, 695 P.2d 1058]); the insurer may be bound by any issues litigated in the underlying action

*(Hogan* v. *Midland National Ins. Co.* (1970) 3 Cal.3d 553, 566 [91 Cal.Rptr. 153, 476 P.2d 825]); and the carrier may be sued for breach of contract and breach of the covenant of good faith and fair dealing, resulting in contractual and noncontractual damages being awarded against it (*Campbell* v. *Superior Court* (1996) 44 Cal.App.4th 1308, 1319 [52 Cal.Rptr.2d 385]; *Aero-Crete, Inc.* v. *Superior Court* (1993) 21 Cal.App.4th 203, 212 [25 Cal.Rptr.2d 804]; *State Farm Mut. Auto. Ins. Co.* v. *Allstate Ins. Co.* (1970) 9 Cal.App.3d 508, 527-528 [88 Cal.Rptr. 246]).

Third, the insurer may defend the action under a reservation of rights: "In any event, if the insurer adequately reserves its right to assert the noncoverage defense later, it will not be bound by the judgment. If the injured party prevails, that party or the insured will assert his claim against the insurer. At this time the insurer can raise the noncoverage defense previously reserved. In this manner the interests of insured and insurer in defending against the injured party's primary suit will be identical . . . ." (*Gray* v. *Zurich Insurance Co., supra,* 65 Cal.2d at p. 279, fn. omitted.) If the reservation of rights agreement contains a reimbursement clause, the carrier retains its right to seek reimbursement for payments expended if noncoverage is ultimately proven. (*Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 19 [123 Cal.Rptr. 288, 538 P.2d 744]; *Maryland Casualty Co.* v. *Imperial Contracting Co.* (1989) 212 Cal.App.3d 712, 720-722 [260 Cal.Rptr. 797].) While the underlying action is pending, the carrier can file an action for declaratory relief and attempt to obtain a declaration that no duty to defend or indemnify exists. Such a determination would allow it to withdraw from the defense without subjecting the carrier to a claim of breach of contract or bad faith. (*Hartford Accident & Indemnity Co.* v. *Superior Court* (1994) 23 Cal.App.4th 1774, 1778 [29 Cal.Rptr.2d 32].)

 If the reservation of rights creates a conflict of interest between the insurer and the insured, the insured has the right to demand independent counsel. (*San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 364 [208 Cal.Rptr. 494, 50 A.L.R.4th 913]; § 2860, subd. (a).)[2] A conflict exists when "the outcome of [the] coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim. . . ." (§ 2860, subd. (b).) This usually arises where the issue creating the conflict is one which must be decided in the underlying action. (*Golden Eagle Ins. Co.* v. *Foremost Ins. Co.* (1993) 20 Cal.App.4th 1372, 1395-1396

---

[2]As pertinent, section 2860, subdivision (a) states: "If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel."

[25 Cal.Rptr.2d 242].) Also, if the issue which creates a conflict must be resolved in the underlying action, any declaratory relief action relating to coverage should be stayed pending resolution of the underlying action. (*Montrose Chemical Corp.* v. *Superior Court, supra,* 6 Cal.4th at p. 301.)

When independent counsel is required, "[t]he insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." (§ 2860, subd. (c).)

The exact issue we are presented with is the timing of a judicial determination of the duties to defend and provide independent counsel in connection with a declaratory relief action where the carrier is providing a defense under a reservation of rights and has acceded to the insured's request for independent counsel. The issue is not directly presented in the cases relied upon by real parties.

An important fact distinguishes *Truck Ins. Exchange* v. *Dynamic Concepts, Inc., supra,* 9 Cal.App.4th 1147, from the instant case. In that case, Truck Insurance Exchange agreed to provide a defense to its insured under a reservation of rights *but the insured and Truck disagreed over whether independent counsel was required and Truck refused to accede to the request.* Dynamic filed a complaint for bad faith insurance practices and declaratory relief. Truck responded with a petition to compel arbitration. The trial court denied the petition and the Court of Appeal affirmed. "Civil Code section 2860, the *Cumis* statute, deals with various aspects of an insured's selection of independent counsel where a conflict of interest has arisen between an insurer and its insured concerning the duty of the former to defend and indemnify the latter in litigation prosecuted by third parties. Where insurer and insured *unconditionally agree* independent counsel is warranted and where independent counsel is actually retained, subdivision (c) provides a simple remedy for resolving disputes concerning the fees to be paid to that individual or firm: arbitration. [¶] But nowhere in that subdivision—or anywhere else in the statute, for that matter—is there the suggestion that a dispute between insurer and insured concerning the duty to provide independent counsel *in the first instance* is to be resolved in the same manner. While arbitration is currently viewed as an efficient and favored method of dispute

resolution, without a statutory mandate or contractual provision requiring its use, a litigant cannot be deprived of its day in court." (*Id.* at pp. 1150-1151, fns. omitted, italics added.)

*Handy* v. *First Interstate Bank, supra,* 13 Cal.App.4th 917 is a variation on *Truck Ins. Exchange* v. *Dynamic Concepts, Inc.* In *Handy,* a fire in the First Interstate Bank building in Los Angeles gave rise to a number of claims for personal injury and property loss. Continental Insurance Company was the primary carrier for the owners of the building and agreed to provide a defense under a reservation of rights. It also agreed, contingent upon reaching an agreement regarding fees, that independent counsel could defend the action. The insureds retained independent counsel and paid them. Truck Insurance was also an insurer for some of the named defendants, but it contended that its policies were excess to the Continental policy. After a majority of the cases had been settled, the insureds sought reimbursement from the insurers for the costs and fees they had paid. Disputes arose over the rate at which independent counsel billed. *Truck questioned whether there was in fact a conflict requiring independent counsel and also contended that it was an excess carrier and was not required to pay defense costs until Continental had exhausted its policy.*

The insureds filed a petition to compel arbitration pursuant to Code of Civil Procedure section 1280 et seq. Continental did not oppose arbitration but contended that it should be ordered under section 2860. *Truck opposed the petition, contending that it had not agreed to arbitrate the issue whether it had a primary duty to defend.* The trial court granted the petition and ordered the matter to arbitration pursuant to section 2860. It also ordered the arbitrator to decide whether there had been a duty to defend and a duty to provide independent counsel. The Court of Appeal reversed and remanded the matter to the trial court. "The issue presented in this case is whether a trial court can properly authorize an arbitrator in an arbitration ordered pursuant to Civil Code section 2860 to decide the foundational issues of whether the insurer had a duty to defend and whether a conflict of interest existed between the insurer and insured requiring appointment of independent counsel to represent the insured. We hold these preliminary matters, if contested, may not be decided in an arbitration ordered pursuant to Civil Code section 2860 but must be resolved by the trial court *in the first instance.*" (*Handy* v. *First Interstate Bank, supra,* 13 Cal.App.4th at p. 924, italics added.) Citing *Truck Ins. Exchange* v. *Dynamic Concepts, Inc., supra,* the court stated: "We agree with our colleagues in the Fourth District, that in the absence of a stipulation or *unconditional agreement* between the insurer and insured, unless and until there has been a judicial determination of an insurer's duty to defend and the existence of a conflict of interest, the

provisions of Civil Code section 2860 are inapplicable." (13 Cal.App.4th at p. 925, fn. omitted, italics added.)

The difference between the facts of the case before us and the facts of the above two cases is that here petitioner did agree to provide a defense and acquiesced to the desire of real parties to retain independent counsel, although pursuant to a reservation of rights. The most that can be concluded from *Truck Ins. Exchange* v. *Dynamic Concepts, Inc.* is that, where the carrier refuses to provide a defense through independent counsel, the legal issue must be decided by the court before section 2860 arbitration is available. The same conclusion is compelled by *Handy* v. *First Interstate Bank*, which also added to the formula a contested issue of duty to defend. We do not agree with real parties that these cases are applicable to the situation presented here, where a defense is being afforded by independent counsel.

Real parties focus on the language "in the first instance" contained within *Handy* and *Dynamic Concepts* and conclude that it stands for the proposition that the issues of duty to defend and provide independent counsel must be decided prior to the arbitration. Their reliance is misplaced. In the context of the two cases, and in absence of an agreement between the parties, this language merely means that it is the court which must decide these issues, rather than any other forum. The language does not stand for the proposition that the court must decide the issues before arbitration if afforded.

The only language in *Dynamic Concepts* and *Handy* which could be applicable to the situation presented in this action is the concept of an *unconditional agreement*, which was first enunciated in *Dynamic Concepts*: "Where insurer and insured *unconditionally agree* independent counsel is warranted and where independent counsel is actually retained, subdivision (c) provides a simple remedy for resolving disputes concerning the fees to be paid to that individual or firm: arbitration." (*Truck Ins. Exchange* v. *Dynamic Concepts, Inc.*, *supra*, 9 Cal.App.4th at p. 1150.) This language was reiterated in *Handy*. (*Handy* v. *First Interstate Bank*, *supra*, 13 Cal.App.4th at p. 925.) There is no legal authority cited for the proposition that section 2860 arbitration is available only where there is an unconditional agreement between the insured and the carrier that a defense will be afforded with independent counsel. In fact, such a concept is contrary to application of section 2860, which is triggered by the carrier's reservation of rights: "when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest *may* exist." (§ 2860, subd. (b), italics added.)

The purpose of a reservation of rights is to afford the insured a defense while protecting the rights of the carrier when the duties to defend

and indemnify cannot clearly be determined. It allows both parties to the insurance contract the protection bargained for in connection with the third party suit and reserves coverage issues to a more appropriate forum and time. While declaratory relief is available relatively quickly to resolve the issues of the duty to defend and the duty to provide independent counsel, such resolution may be impossible in the situation where independent counsel is warranted, since that implies a contested issue in the underlying action that may have an impact on coverage. Under those circumstances, the declaratory relief action must be stayed pending resolution of the underlying action. (*Montrose Chemical Corp.* v. *Superior Court*, *supra*, 6 Cal.4th at p. 301.) Assuming that a dispute arises between the insured and the insurer over the rate and scope of fees to be paid to independent counsel for defense of the underlying litigation, it would undermine the concept of reservation of rights to preclude resolution of the issue until after the declaratory relief action has been decided. Therefore, where the carrier is providing a defense under a reservation of rights and has agreed to utilize independent counsel, we conclude that section 2860 arbitration is appropriate to resolve attorneys fee disputes prior to a legal determination of the coverage issues. Assuming that the carrier has adequately reserved its rights, it can later litigate the duties to defend and indemnify and to retain independent counsel in the declaratory relief action.[3]

The concept of res judicata has no application to the issues in this matter. The parties specifically agreed that the arbitrator would not have the power to decide any coverage issues; absent an agreement, *Handy* v. *First Interstate Bank* precludes such determination, and the only issues decided by the arbitrator were those relating to attorneys fees, an appropriate subject for section 2860 arbitration. Res judicata only applies to issues which were or could have been litigated in the arbitration. (*Levy* v. *Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252].)

The court also erred in finding that petitioner was estopped from challenging the duties to defend and provide independent counsel based on its use of res judicata to challenge the first cause of action of real parties' cross-complaint. The specific purpose of a reservation of rights is to preclude the application of estoppel and waiver. (*Phoenix Ins. Co.* v. *United States Fire Ins. Co.* (1987) 189 Cal.App.3d 1511, 1527, fn. 15 [235 Cal.Rptr. 185]; *Miller* v. *Elite Ins. Co.*, *supra*, 100 Cal.App.3d at p. 755.) It is clear from the record that the only issues carved out of the cross-complaint by petitioner's demurrer were those relating to *Cumis* fees for independent counsel. All other issues remain to be tried.

---

[3]We do not purport to decide any coverage issues in this opinion, and we do not decide whether the reservation of rights in this case is sufficient to have reserved any or all of the issues which may be raised in the coverage litigation.

"[T]he California Legislature has spoken. It has decided that within the California Courts these *Cumis* fee issues are to be decided in an arbitration forum, not the state's judicial forum." (*Caiafa Prof. Law Corp.* v. *State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 803 [19 Cal.Rptr.2d 138], italics omitted.) It would be an untoward result to foreclose petitioner from litigating its coverage issues because it relied upon a legal procedure specifically applicable to the situation presented.

## Disposition

The alternative writ is discharged. A peremptory writ of mandate shall issue that directs the trial court to vacate its order granting summary adjudication in favor of real parties and to enter a new order denying the motion. Costs are awarded to petitioner.

Vogel (C. S.), P. J., and Epstein, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied March 12, 1997.