141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doris ZEEVI, Plaintiff-Appellant,
v.
MICHIGAN MILLERS MUTUAL INS. CO., Defendant-Appellee.
 Nos. 96-55902, 96-56772.
D.C. No. CV-95-00074-RJK.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and submitted November 5, 1997.
Decided March 17, 1998.
 
 Appeal from the United States District Court for the Central District of California, Robert J. Kelleher, Senior District Judge, Presiding.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Doris Zeevi sued Michigan Millers Mutual Insurance Company ("Michigan Millers") for wrongful denial of coverage for an asserted theft of merchandise from her clothing store. During this action, Zeevi allegedly accused her former business partner of stealing the goods. The former business partner cross-complained against Zeevi for defamation. Zeevi then sued Michigan Millers for wrongfully refusing to defend and indemnify her in the defamation action. Zeevi now appeals the district court's judgment as a matter of law and award of costs in favor of Michigan Millers. We find that the district court's holdings are correct and AFFIRM.
 
 
 3
 We review a district court's judgment as a matter of law de novo. EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.1997). Such judgment is proper when the evidence permits only one reasonable conclusion. Crowe v. Wiltel Communications Sys., 103 F.3d 897, 899 (9th Cir.1996). The evidence must be reviewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. Amarel v. Connell, 102 F.3d 1494, 1521 (9th Cir.1996).
 
 
 4
 First, Zeevi argues that the district court erred in sending the matter to binding arbitration under California Civil Code § 2860(c). We find that the district court's decision was appropriate. The exchange of letters between Michigan Millers and the law firm of Knapp, Peterson & Clark ("KPC") makes clear that both parties recognized that there was a conflict of interest.[1] These letters also make clear that Michigan Millers retained KPC to defend Zeevi. Zeevi's defense went forward and Zeevi was not prejudiced in any way. "Where insurer and insured unconditionally agree independent counsel is warranted and where independent counsel is actually retained, [California Civil Code § 2860(c) ] provides a simple remedy for resolving disputes concerning the fees to be paid to that individual or firm: arbitration." Truck Ins. Exchange v. Dynamic Concepts, Inc., 9 Cal.App.4th 1147, 1150, 11 Cal.Rptr.2d 873 (1992). Thus, the district court did not err in sending the matter to binding arbitration under § 2860(c).
 
 
 5
 Zeevi also argues that Michigan Millers denied Zeevi a defense by failing to agree to protect the confidentiality of information in Zeevi's legal bills. The district court correctly rejected this argument because Michigan Millers was under no legal duty to enter such an agreement. See Employers Ins. of Wausau v. Albert D. Seeno Constr. Co., 945 F.2d 284, 286 (9th Cir.1991); State Farm Fire & Casualty Co. v. Superior Court, 216 Cal.App.3d 1222, 1227-28, 265 Cal.Rptr. 372 (1989).
 
 
 6
 As to Zeevi's other arguments, we find that (1) Michigan Millers' failure to pay KPC did not amount to a denial of coverage--KPC did not send Michigan Millers a bill; (2) Zeevi's claim that the district court's decision was improper because Michigan Millers' counsel threatened to sue members of KPC for malicious prosecution is without merit; and (3) the district court did not abuse its discretion in granting Michigan Millers' motion to retax costs and in awarding costs to Michigan Millers.
 
 
 7
 This is essentially an attorneys' fees dispute. KPC was retained by Michigan Millers to defend Zeevi and did so. Now, the amount of their payment is at issue. California law provides for binding arbitration to handle such a situation. The district court did not err by finding judgment as a matter of law in favor of Michigan Millers and sending the matter to arbitration. Nor did the district court abuse its discretion in granting Michigan Millers' motion to retax costs and awarding costs to Michigan Millers.
 
 
 8
 The judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Michigan Millers was defending itself against Zeevi's action for wrongfully failing to defend and indemnify her in the defamation action. Arguably, it would have been improper for Michigan Millers to select counsel to defend Zeevi in that defamation action