8 Cal.Rptr.3d 475 (2004)
114 Cal.App.4th 1185
GRAY CARY WARE & FREIDENRICH, Plaintiff and Appellant,
v.
VIGILANT INSURANCE COMPANY, Defendant and Respondent.
No. D041811.
Court of Appeal, Fourth District, Division One.
January 12, 2004.
As Modified February 4, 2004.
*476 Gray Cary Ware & Freidenrich, Robert C. Longstreth and Kathryn E. Karcher, San Diego, for Plaintiff and Appellant.
Nelsen, Thompson, Pegue & Thornton, Jameson Pegue and Elizabeth A. Farny, Santa Monica, for Defendant and Respondent.
McINTYRE, J.
Civil Code section 2860 (all undesignated statutory references are to this code) requires that an insurer provide independent counsel to its insured in certain conflict situations and subdivision (c) of this section requires the arbitration of "any dispute concerning attorney[ ] fees...." In this appeal we address the question of whether this section encompasses disputes between an insurer and its insured over the insurer's responsibility for defense expenses incurred by the insured's independent counsel. We conclude section 2860 does not require the arbitration of disputes regarding defense costs and we affirm the trial court's denial of a petition to compel arbitration under section 2860.

FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff Gray Cary Ware & Freidenrich (Gray Cary) filed an action on behalf of one of its clients against a business associate of Deepak Chopra and two other Chopra business associates. Chopra then sued Gray Cary, its private investigator, Richard Post, and others in an action entitled Chopra v. Schoville (Super. Ct. San Diego County, 1997, No. N73690/713143 (the underlying action)), alleging the parties conspired to invade Chopra's privacy, steal his lawyer's trash and defame and extort money from him. Chopra eventually dismissed this action after Gray Cary moved for summary judgment. Chopra also amended his complaint in a separate, earlier action (Flynn v. Bolling (Super. Ct. San Diego County, 1996, No. N71723/712980 (the Flynn action))) to allege that Post and another private investigator stole trash from Chopra's lawyers for the benefit of Gray Cary and its clients.
Gray Cary is the named insured under a general liability insurance policy issued by defendant Vigilant Insurance Company (Vigilant). Vigilant agreed to defend Gray Cary in the underlying action under a reservation of rights. Because the reservation of rights created a conflict of interest and triggered the right to independent counsel, Gray Cary defended itself as independent (Cumis) counsel with Vigilant's approval. (See San Diego Federal Credit Union v. Cumis Ins. Society, Inc. (1984) 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (Cumis).)
Vigilant requested that Gray Cary adhere to its "Billing Standards" for independent counsel for all "services, costs and disbursements" for which Gray Cary sought reimbursement. These standards required prior written approval for "extraordinary expenses, including, without limitation, investigative services, computer litigation support services, videotaping of depositions, retention of experts or consultants, travel expenses, meals, etc."
Because of the allegations that Post had acted as its agent, Gray Cary determined it was vital to its own defense to ensure that Post was represented in both actions. Thus, Gray Cary paid the legal fees incurred for third party counsel to represent Post in both actions, apparently without discussing the matter with Vigilant. When Gray Cary sought reimbursement of these legal fees under its policy, Vigilant denied the request on the ground that Post was not a Gray Cary employee and therefore not an insured under the policy. Vigilant refused Gray Cary's request to arbitrate this dispute under section 2860 and Gray Cary filed a petition to compel arbitration. *477 The trial court denied the petition and Gray Cary appealed.

DISCUSSION

The Cumis Statute
Liability insurance policies, such as the Vigilant policy at issue, obligate an insurer to defend its insured against third party claims covered under the policy by mounting and funding a defense; this duty includes providing competent counsel and paying all reasonable and necessary costs. (Aerojet-General Corp. v. Transport Indemnity Co. (1997) 17 Cal.4th 38, 57-58, 70 Cal.Rptr.2d 118, 948 P.2d 909; Merritt v. Reserve Ins. Co. (1973) 34 Cal.App.3d 858, 882, 110 Cal.Rptr. 511.) Where, as here, an insurer provides a defense under a reservation of rights, a conflict of interest may arise between the insurer and its insured, providing the insured with the right to demand independent counsel. (Cumis, supra, 162 Cal.App.3d at p. 364, 208 Cal.Rptr. 494.)
In 1987 the Legislature codified the Cumis decision by enacting section 2860. (Stats.1987, ch. 1498, § 4, eff.Jan. 1, 1988.) This section provides in relevant part that independent counsel must possess certain minimum qualifications, obligates the insurer to pay fees to independent counsel equal to the rates the insurer pays to its retained attorneys in similar actions, provides that the section does not invalidate different or additional policy provisions regarding attorney fees or methods to settle disputes about them, but that "[a]ny dispute concerning attorney[ ] fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." (§ 2860, subd. (c).)

Issue Presented and Standard of Review
This appeal raises the issue of whether subdivision (c) of section 2860 (hereinafter referred to as subdivision (c)) encompasses disputes between an insurer and Cumis counsel over expenses incurred by Cumis counsel while representing the insured. This is a legal question requiring us to independently review and interpret the scope of subdivision (c). (Murphy v. Padilla (1996) 42 Cal.App.4th 707, 711, 49 Cal.Rptr.2d 722.) We must examine the words of the statute, giving them their usual and ordinary meaning and construing the words and clauses in the context of the statute as a whole. (People v. Murphy (2001) 25 Cal.4th 136, 142, 105 Cal.Rptr.2d 387, 19 P.3d 1129.) "Where the statutory language in dispute is clear and unambiguous, there is no need for construction and the judiciary should not indulge in it. [Citation.]" (People v. Massicot (2002) 97 Cal.App.4th 920, 925, 118 Cal.Rptr.2d 705.)
Even if a statute is unambiguous on its face, it must be interpreted to avoid an absurd result that does not advance the legislative purpose. (California School Employees Assn. v. Governing Board (1994) 8 Cal.4th 333, 340, 33 Cal.Rptr.2d 109, 878 P.2d 1321.) We are not free to give the words of a statute a definition "different from the plain and direct import of the terms used." (California Fed. Savings & Loan Assn. v. City of Los Angeles (1995) 11 Cal.4th 342, 349, 45 Cal.Rptr.2d 279, 902 P.2d 297.) Rather, it is our role to ascertain the meaning of the words used, not to insert what has been omitted or otherwise rewrite the law to conform to an intention that has not been expressed. (Ibid.) With these principles in mind, we turn to Gray Cary's arguments.

Analysis
Gray Cary contends the instant dispute falls within subdivision (c) because (1) the dispute involves attorney fees and not other defense expenses and (2) the term "attorney[ ] fees" should be read as encompassing defense costs incurred by Cumis counsel because a contrary reading *478 would lead to an absurd result. As discussed below, we find these arguments unpersuasive.
Gray Cary contends the instant dispute falls within the purview of section 2860 because it concerns attorney fees. However, this argument ignores the clear language of the statute, which establishes an insurer's "obligation to pay fees to the independent counsel selected by the insured" and then sets forth a method for resolving disputes over the payment of these fees. (§ 2860, subd. (c).) Simply put, the statute does not envision the arbitration of any disputes regarding attorney fees other than those incurred by independent counsel for the insured.
Gray Cary conceded for purposes of its motion that Post was not an insured covered by the policy and that Vigilant did not have a duty to defend him, conclusions with which Vigilant agrees. As such, the dispute regarding attorney fees incurred defending Post is not arbitrable under subdivision (c) because they were not attorney fees of independent counsel. While Vigilant would like us to end our analysis here, limiting the characterization of the question before us based on the fact that this dispute happens to involve defense costs comprised of attorney fees does not aid in its resolution.
In fact, Vigilant approaches the question differently, arguing the instant dispute is one about "coverage," which Gray Cary was required to submit to binding arbitration within a certain time period under the policy's arbitration provision. While this dispute does not appear to involve a coverage question because the parties agree Gray Cary was entitled to a defense and Post was not, we need not address whether this is a "coverage dispute" falling within the arbitration provision of the policy because the question is not before us.
In its motion to compel arbitration, Gray Cary articulated the issue to be arbitrated as whether it reasonably determined, as independent counsel responsible for its defense, that defending Post was a necessary part of its own defense. Thus, the question presented is whether the subdivision (c) requirement that "[a]ny dispute concerning attorney[ ] fees" be arbitrated, includes disputes between an insurer and Cumis counsel over Cumis defense expenses. Gray Cary urges us to adopt a definition of "attorney[ ] fees" that includes disbursement disputes because an insurer providing a defense to its insured is liable for defense expenses to the same extent it is liable for defense attorney fees, which explains why the Legislature did not distinguish between the two. It also contends that arbitrating attorney fees disputes while resolving disputes over defense expenses in another forum would result in multiple actions, be inefficient and thus, be absurd.
Gray Cary contends courts have consistently held that the arbitration provision of subdivision (c) applies to Cumis costs and expenses, but then admits no court has expressly so concluded, asserting this result can be implied. Our review of the cases finds no support for this contention.
While the parties arbitrated disputes involving Cumis defense costs and attorney fees in Truck Ins. Exchange v. Superior Court (1996) 51 Cal.App.4th 985, 990, 59 Cal.Rptr.2d 529 (Truck) and Handy v. First Interstate Bank (1993) 13 Cal.App.4th 917, 926, footnote 3, 16 Cal.Rptr.2d 770 (Handy), the courts in these cases were not called upon to determine the propriety of arbitrating defense costs and it is well-settled that parties may broaden the scope of arbitration by agreement. (National Indemnity Co v. Superior Court (1972) 27 Cal.App.3d 345, 349, 103 Cal.Rptr. 606.) Rather, these courts held that arbitration under subdivision (c) was not required for disputes regarding an insurer's duties to defend and *479 indemnify (Truck, supra, at p. 998, 59 Cal.Rptr.2d 529) or disputes concerning scope of coverage, existence of a conflict of interest, duty to defend and apportionment of attorney fees between insurers. (Handy, supra, at pp. 923-924, 926, 16 Cal.Rptr.2d 770.)
Other cases addressing the scope of the section 2860 arbitration provision have similarly recognized that subdivision (c) addresses disputes about the amount of legal fees or the hourly billing rate of independent counsel and have refused to require arbitration of other disputes. (Fireman's Fund Ins. Companies v. Younesi (1996) 48 Cal.App.4th 451, 457-459, 55 Cal.Rptr.2d 671 [alleged fraud and malpractice of independent counsel]; Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co. (1993) 15 Cal.App.4th 800, 806, 19 Cal.Rptr.2d 138 [alleged fraud and conspiracy to defraud under RICO statutes]; Truck Ins. Exchange v. Dynamic Concepts, Inc. (1992) 9 Cal.App.4th 1147, 1150, 11 Cal.Rptr.2d 873 [dispute between insurer and insured concerning duty to provide independent counsel in the first instance].) It is axiomatic that an opinion is not authority for a proposition not therein considered. (People v. Banks (1993) 6 Cal.4th 926, 945, 25 Cal.Rptr.2d 524, 863 P.2d 769.)
While it may not be unusual for parties to agree to arbitrate the propriety of defense costs along with attorney fees, no court has interpreted subdivision (c) as requiring this result. Put another way, no appellate court has held that Cumis defense costs are equivalent to Cumis attorney fees for purposes of the subdivision (c) arbitration requirement.
Section 2860 does not define the term "attorney[ ] fees" and the term "can be assumed to refer not to any special term of art, but rather to a meaning that would be commonly understood...." (People ex rel. Lungren v. Superior Court (1996) 14 Cal.4th 294, 302, 58 Cal.Rptr.2d 855, 926 P.2d 1042.) Black's Law Dictionary defines "attorney[ ] fees" as "[t]he charge to a client for services performed for the client...." and a "fee" as "[a] charge for labor or services...." (Black's Law Dict. (7th ed.1999) pp. 125, 629.) In contrast, a "cost" is "[t]he amount paid or charged for something...." which is comparable to an "expense." (Id. at pp 349, 598.)
Numerous statutes distinguish between "attorney[ ] fees" and "costs." For example, Business and Professions Code sections 6200 et seq., specifies that disputes concerning "fees, costs, or both" charged by attorneys are subject to mandatory arbitration at the election of the client and voluntary mediation at the election of client and attorney. (Bus. & Prof.Code, §§ 6200, subd. (a), (c) & (d), 6201, subd. (a); see also § 1717, subd. (a) [prevailing party on a contract entitled to "attorney[ ] fees in addition to other costs"]; Code Civ. Proc., § 1021 [except as provided by statute, attorney fees are left to parties' agreement but parties are entitled to their costs as hereinafter provided]; Code Civ. Proc., § 1033.5, subd. (a) [attorney fees included as an item of costs if allowed by law, contract or statute].) Thus, had the Legislature intended to require the arbitration of Cumis defense expenses as well as Cumis attorney fees, it could have so specified.
While Gray Cary correctly notes that an insurer is responsible for paying Cumis defense expenses and attorney fees (Executive Aviation, Inc. v. National Ins. Underwriters (1971) 16 Cal.App.3d 799, 810, 94 Cal.Rptr. 347 [decided before Cumis decision and enactment of section 2860]), we do not believe the Legislature intended parties to arbitrate disputes involving Cumis defense expenses. As discussed above, the plain language of subdivision (c) does not support this conclusion. It appears the Legislature focused on the rates to be paid Cumis counsel and a method for *480 resolving disputes over these rates, with the legislative history devoid of any indication showing the Legislature considered disputes regarding Cumis expenses.
Although not discussed by the parties, we note that section 2860 imposes a duty on independent counsel and the insured to "timely inform and consult with the insurer on all matters relating to the action." (§ 2860, subd. (d), italics added.) A "matter[ ] relating to the action" would include an extraordinary expense such as the one incurred here. Thus, the parties could have addressed the reasonableness and necessity of the disputed expenses in a declaratory relief action before the expenses were even incurred.
The separation of powers doctrine prevents us from rewriting statutes that do not conflict with the Constitution, other than to correct an obvious and minor drafting error where necessary to effectuate the intent of the Legislature. (People v. Garcia (1999) 21 Cal.4th 1, 14-15, 87 Cal.Rptr.2d 114, 980 P.2d 829; Cal. Const., art. III, § 3.) Here, there is no indication of any drafting error. While we agree with Gray Cary's contention that arbitrating disputes concerning the reasonableness and necessity of Cumis defense expenses would be more efficient and cost-effective, this lack of efficiency is not a sufficient basis for concluding that application of the plain meaning rule creates an absurdity. Any revision of the statute must be left to the Legislature.

DISPOSITION
The order is affirmed. Respondent is entitled to its costs on appeal.
WE CONCUR: McCONNELL, P.J., and HALLER, J.